Hinze *v.* Winston County Board of Education, et al.

No. 40836          June 9, 1958          103 So. 2d 353

*Livingston* & *Fair,* Louisville, for appellants.

*J. Hoy Hathorn,* Louisville, for appellees.

GILLESPIE, J.

The Board of Education of Winston County, Mississippi, which is also the Board of Trustees of the Winston

County School District, and the County Superintendent of Education, appellees here, filed suit in the Chancery Court of Winston County against the Board of Trustees of the Louisville Municipal Separate School District, situated in Winston County, and the superintendent of said municipal school district, appellants here, seeking to enjoin the latter from accepting, enrolling and permitting to attend the Louisville Municipal Separate District Schools certain named children, about 75 in number, who reside in the Winston County School District, such school children having been assigned to attend schools in the Winston County School District, and without their release from the Winston County School District by the Board of Education of Winston County.

The essential facts determinative of the issues were admitted in appellants' answer and the lower court decided the issue on the pleadings and entered a decree for the injunction. While it is contended by appellants that the answer raises issues of fact, the issues raised are legal rather than factual.

Acting under authority of the Laws of 1953, Ex. Session, Chapter 12, the Board of Education of Winston County reorganized and reconstituted the school districts in Winston County, exclusive of the territory included within the municipal corporate limits of the City of Louisville, into one county-wide school district unit designated as the Winston County School District Unit. Under the same authority, the Louisville Municipal Separate reorganized and reconstituted all of the territory within the municipal corporate limits of the City of Louisville into one separate municipal school district unit designated as the Louisville Municipal Separate School District Unit. All of these proceedings were approved by the State Education Finance Commission and became effective on July 1, 1957.

Prior to the beginning of the 1957-1958 school term, each school district unit designated attendance centers

within their respective districts and appellees assigned the students living within the Winston County School District Unit to the several attendance centers in said school district, except that a large number of students living within the Winston County School District Unit were assigned and transferred to the Louisville Municipal Separate School District Unit under a contract between the two school districts as provided by law, and the school children so transferred under this contract are not the students involved in this lawsuit.

At the beginning of the 1957-1958 school term, approximately 75 students who reside within the Winston County School District Unit presented themselves to schools outside the school district of their residence and in the Louisville Municipal Separate School District Unit without the permission or approval of the Winston County Board of Education. These students were accepted and enrolled by appellants and permitted to attend schools in the Louisville Municipal Separate School District unit over the objection and protests of appellees.

The students whom appellees charged were illegally attending school in the Louisville Municipal Separate School District Unit pay their own transportation to and from school and pay a tuition fee to the latter named school district.

We are of the opinion that the only question raised by this appeal having sufficient merit to justify discussion is whether students who live in one school district organized under the Laws of 1953, Ex. Session, Chapter 12, may attend school in another school district without the consent and approval of the board of trustees of the district wherein such students reside.

The Board of Education of Winston County School District Unit is also the Board of Trustees of that school district and has all the authority, duties and powers conferred by any of the statutes of this State upon boards of trustees of school districts. Laws of 1953, Ex. Ses-

sion, Chapter 12, Section 7(c) (Section 6328-07(c), Code of 1942).

Laws of 1953, Ex. Session, Chapter 17, Section 11 (Section 6328-31, Code of 1942), provides as follows:

"The board of trustees shall organize a school so as to avoid unnecessary duplication and shall determine what grades shall be taught at each school and shall have the power to specify attendance areas and to designate the school each pupil shall attend."

The statute providing for transfer of students from one district to another is Laws of 1953, Ex. Session, Chapter 14, Section 7, as amended by Chapter 25, Laws Ex. Session 1954, (Section 6248-07, Code of 1942), which provides as follows:

"Transfer students.—(a). Upon the petition in writing of a parent or guardian, resident of the school district of an individual student filed or lodged with the president or secretary of the board of trustees of a school district in which the pupil has been enrolled or is qualified to be enrolled as a student, or (b) upon the aforesaid petition or the initiative of the board of trustees of a school district as to the transfer of a grade or grades, individual students living in one school district or a grade or grades of a school within the district may be legally transferred to another school district, by the mutual consent of the boards of trustees of all school districts concerned, said consent to be given in writing and spread upon the minutes of such boards, and with the approval in writing of the county board or boards of education concerned.

"The board of trustees of the school district to which such petition may be addressed shall act thereon not later than its next regular meeting subsequent to the filing or lodging of said petition, and failure to act within said time shall constitute a rejection of such request. The board of trustees of the other district involved, the transferee board, shall act on such request for transfer

as soon as possible after the transferor board shall have approved or rejected such transfer and no later than the next regular meeting of the transferee board, and a failure of such transferee board to act within such time shall constitute a rejection of such request. If such a transfer should be refused by the board of trustees of either school district, then an appeal may be had to the county board of education. The said county board of education to which said appeal is taken shall act thereon not later than the date of its next regular meeting subsequent to the disapproval or failure to act by the board of trustees of said school district, or not later than the date of its next regular meeting subsequent to the filing of such appeal. In cases involving more than one county, appeals shall lie to the State Educational Finance Commission unless the boards of education of all counties concerned shall approve such transfer.

''Legally transferred students going from one school district to another shall be counted for teacher allotment and allotments for other current costs by the school district wherein the pupils attend school, but shall be counted for transportation allotment purposes in the school district which furnishes or provides the transportation.

''The appeals herein provided for may be taken by said parent or guardian of a student, as to individual students, or as to a grade or grades by the petitioning parent or guardian of a student or any member of the county board of education, dissatisfied by the refusal to transfer or failure to act, and the petition for appeal shall be filed or lodged with the president or secretary of said county board of education or the said commission, as the case may be, within five (5) days after the date by which the said board of trustees or the county board of education, as the case may be, is herein required to act, and shall set forth the facts complained of and request a hearing thereon, and thereby the appeal shall be perfected.

''On appeals to the commission it shall forthwith fix the date for hearing such appeal and shall give notice

to the board whose refusal or failure to act is complained of. All appeals shall be without supersedeas. Such hearing shall be held at the offices of the commission in the City of Jackson, Mississippi, not less than fifteen (15) days nor more than thirty (30) days after the filing of such petition, and not less than seven (7) days after the mailing of the notice to the board whose conduct is complained of. The hearings before both the county board of education and the State Educational Finance Commission shall be de novo, and the decision of the State Educational Finance Commission shall be final.

"In cases where two (2) or more counties are concerned, if one of the county boards of education shall fail to act on said request for transfer as herein provided not later than its next regular meeting date after there shall have been filed or lodged with the president or secretary of such board notice of the approval of such transfer by the boards of trustees concerned, then an appeal from the failure of such county board of education to act on such proposed transfer may be had to the State Educational Finance Commission in like manner as hereinbefore set out, and the decision of said commission shall be final.

"If an appeal be perfected to the State Educational Finance Commission as herein provided for, then a student or students, or a grade or grades, whose transfer is approved by it shall be considered as legally transferred, and such final decision shall be certified to the boards of trustees and county boards involved."

The statute applicable to one school district contracting with another for the attendance of school children residing in one school district at a school operating in another school district is Laws of 1953, Ex. Session, Chapter 12, Section 6 (Section 6328-06, Code of 1942). This case does not involve any question under this statute.

The statutes providing for the legal transfer of students, residents of one school district, to attend school

in another school district is that quoted, Laws of 1953, Ex. Session, Chapter 14, Section 7, as amended by Chapter 25, Laws of Ex. Session 1954. The approval and consent of both school districts is necessary to legally transfer a student or students from one school district to another. Such consent and approval were not given by the Board of Education of Winston County as to the students involved in this case. Hence there was no legal transfer, and appellants could not lawfully accept and enroll such students and permit them to attend school in the Louisville Municipal Separate School. This is the plain intent of the legislature, and the Court cannot ignore it. The Courts must enforce the school laws as the legislature wrote them.

Appellants contend that the applicable statute is Chapter 260, Laws of 1954 (Section 6334-01, et seq., Code of 1942) ; but that chapter is not applicable to the problem here involved, as it refers to assignments of individual pupils to schools or attendance centers within the school district where they may legally attend school. One statute deals with the transfer of students from one school district to another and the other statute deals with the assignment of pupils to schools or attendance centers within a school district. The two statutes serve entirely different purposes.

We are not unmindful of the apparent hardship visited by the law upon students who have heretofore attended the Louisville Municipal Separate School District Schools and who desire to continue to do so until they complete their public school education, but the Courts do not make the school laws and any change therein must necessarily come from the legislature.

■■■ This appeal was allowed with supersedeas. The final decree enjoins the trustees of the Louisville Municipal Separate School District and the Superintendent thereof from "accepting, enrolling, or permitting to attend the schools of the Louisville Municipal Separate

School District the above named students, or any other students, residents of the Winston County School District unit, who have not been by the Board of Education of Winston County, Mississippi, transferred, assigned or released to the Louisville Municipal Separate School District.''

The 1957-1958 term of school has ended, and the students involved in this case have apparently completed the school year in the Louisville Municipal Separate School District schools. Of course, their credits for this work will be deemed to be legal credits the same as if they were legally assigned. The assignments of the students for the 1958-1959 school term have probably not yet been made, and the two school districts here involved may be able to work out a satisfactory disposition of the matter prior to the beginning of the next school term. As to the 1957-1958 school term, the case has become moot, and the injunction should not issue as ordered by the lower court without modification, not because there was error therein but because assignments are not perpetual. We do not think the whole case has become moot, otherwise the same situation may develop next year with the same results. Under the peculiar circumstances, we hold that the decree of the lower court should be affirmed as being correct at the time it was rendered, but that the decree of the lower court should be modified so as to omit individual names of students and direct the clerk of the court to issue a permanent injunction enjoining the defendants in their official capacity from accepting, enrolling, or permitting to attend the schools of the Louisville Municipal Separate School District any student or students, residents of the Winston County School District unit, who have not been lawfully transferred, assigned, or released to the Louisville Municipal Separate School District by the Winston County Board of Education.

Affirmed as modified.

*Roberds, P. J.*, and *Lee, Arrington* and *Ethridge, JJ.*, concur.