WALKER, Justice:
This is an appeal from the Chancery Court of Smith County wherein Scott County, by and through its Board of Education and with the permission and consent of the Board of Supervisors, brought suit on behalf of the Scott County School District against the appellants, Joe H. Tally, Superintendent of Education of Smith County, Mississippi, and United States Fidelity and Guaranty Company, surety on Mr. Tally’s official bond, for $5,102.44 allegedly due from Smith County to Scott County for the education of 97 Smith County students at the Morton Attendance Center of the Scott County School District for the year 1970-71.
The record shows that the parents of 97 children residing in Smith County petitioned the Board of Education of Smith County for permission to transfer to the *218 Morton Attendance Center in Scott County. The Smith County Board of Education failed to act upon the petition within the time required by paragraph 2 of Section 6248-07, Mississippi Code 1942 Annotated (Supp.1972), and an appeal was taken to the State Educational Finance Commission, hereafter referred to as Commission. Upon a hearing de novo, the Commission reversed the decision of the Smith County Board of Education and ordered the transfer of the 97 students to the Morton Attendance Center of the Scott County School District for the year 1970-71. The State Department of Education paid its portion of the cost incident to the transfer. The Superintendent of Education of Scott County requested in writing that the appellant pay $5,102.44 from the maintenance fund of the Smith County School District. That sum would be the amount owed by Smith County to Scott County according to Section 6336-03.5, Mississippi Code 1942 Annotated (Supp.1972), if the 97 students were legally transferred.
• The chancery court rendered judgment in the amount sued for against the Smith County defendants and surety in favor of Scott County.
The defense was that the State Educational Finance Commission was without jurisdiction to hear the appeal to it by the Smith County pupils in the prior action and consequently had no authority to order the pupils transferred from Smith County to Scott County.
The primary question presented in this case is whether pupils residing in one county which has been organized into a single school district (Smith County) may transfer to a school district of another county (Scott County) without the approval of the board of trustees of their school district and their county school board (which, in this case, is also the board of trustees) in the absence of specific legislative authority to be transferred. The other question is whether such pupils could appeal to the Commission from the refusal of their county school board to transfer them to a school district of another county.
To answer these questions, an examination of the pertinent code sections is necessary.
Section 6334-11, Mississippi Code 1942 Annotated (Supp.1972), provides where pupils shall attend school:
No minor child may enroll in or attend any school except in the school district of his residence, unless such child be lawfully transferred from the school district of his residence to a school in another school district in accord with the statutes of this state now in effect or which may be hereafter enacted. (Emphasis added.)
The manner in which pupils may be legally transferred from one district to an- . other is provided for in paragraph one of Section 6248-07:
(a) Upon the petition in writing of a parent or guardian, resident of the school district of an individual student filed or lodged with the president or secretary of the board of trustees of a school district in which the pupil has been enrolled or is qualified to be enrolled as a student, or (b) upon the aforesaid petition or the initiative of the board of trustees of a school district as to the transfer of a grade or grades, individual students living in one school district or a grade or grades of a school within the districts may be legally transferred to another school district, by the mutual consent of the boards of trustees of all school districts concerned, said consent to be given in writing and spread upon the minutes of such boards, and with the approval in writing of the county board or boards of education concerned. (Emphasis added.)
This Court dealt with this problem in the case of Hinze v. Winston County Board of Education, 233 Miss. 867, 103 So.2d 353 (1958), where the Board of Education of *219 Winston County, which was also the Board of Trustees of the Winston County School District, filed suit in the Chancery Court of Winston County against the Board of Trustees of the Louisville Municipal Separate School District, which was situated in Winston County, and the Superintendent of the Municipal District seeking to enjoin the latter from accepting, enrolling and permitting to attend the Louisville Municipal Separate School District certain named children, about 75 in number, who resided in the- Winston County School District, without their release from the Winston County School District by the Board of Education of Winston County. In that case, Justice Gillespie, speaking for the Court, said:
We are of the opinion that the only question raised by this appeal having sufficient merit to justify discussion is whether students who live in one school district organized under the Laws of 1953, Ex. Session, Chapter 12, may attend school in another school district without the consent and approval of the board of trustees of the district wherein such students reside. (233 Miss. at 870, 103 So.2d at 354).
. The approval and consent of both school districts is necessary to legally transfer a student or students from one school district to another. Such consent and approval were not given by the Board of Education of Winston County as to the students involved in this case. Hence there was no legal transfer, and appellants could not lawfully accept and enroll such students and permit them to attend school in the Louisville Municipal Separate School. This is the plain intent of the legislature, and the Cotirt cannot ignore it. The Courts mxist enforce the school laws as the legislature wrote them.
ifc j{;
We are not unmindful of the apparent hardship visited by the law upon students who have heretofore attended the Louisville Municipal Separate School District Schools and who desire to continue to do so until they complete their public school education, but the Courts do not make the school laws and any change therein must necessarily come from the legislature. (233 Miss. at 874, 103 So.2d at 356). (Emphasis added.)
In Board of Education of Benton County, Mississippi v. State Educational Finance Commission, 243 Miss. 782, 138 So.2d 912 (1962), which primarily involved the question of the right to appeal from an order of the State Educational Finance Commission to the chancery court, Justice Rodgers, speaking for the Court, discussed the various avenues of appeal from the ac'tion of the board of trustees of a school district and/or county board of education and therein observed that the avenue of appeal where two counties are concerned is from the board of trustees to the county board of education and thence to the State Educational Finance Commission. However, a reference to the record in that case reveals that the pupils involved therein came within a restricted class, not now provided for by law, very similar to the class provided for in paragraph 3 of Section 6248-07, infra, which class could be legally transferred to another school district by agreement of the respective boards and which further provided, in our opinion, that when this class was involved if the boards were unable to agree or if there were popular objection to the decision of the respective boards in the matter, that an appeal would lie to the State Educational Finance Commission with a hearing de novo.
That portion of Section 6248-07 quoted by Justice Rodgers in the Benton case, supra, giving a broad right of appeal to the State Educational Finance Commission, i. e., “ . . .In cases involving more than one county, appeals shall lie to the State Educational Finance Commission unless the boards of education of all counties concerned shall approve such transfer,” (243 *220 Miss. at 804, 138 So.2d at 922) is no longer in the law as that provision was deleted upon the enactment of Chapter 296, Laws of 1960. Said section was last amended by Chapter 357, Laws of 1962, and presently reads as follows:
(a) Upon the petition in writing of a parent or guardian, resident of the school district of an individual student filed or lodged with the president or secretary of the board of trustees of a school district in which the pupil has been enrolled or is qualified to be enrolled as a student, or (b) upon the aforesaid petition or the initiative of the board of trustees of a school district as to the transfer of a grade or grades, individual students living in one school district or a grade or grades of a school within the districts may be legally transferred to another school district, by the mutual consent of the boards of trustees of att school districts concerned, said consent to be given in writing and spread upon the minutes of such boards, and with the approval in writing of the county board or boards of education concerned.
The board of trustees of the school district to which such petition may be addressed shall act thereon not later than its next regular meeting subsequent to the filing or lodging of said petition, and a failure to act within said time shall constitute a rejection of such request. The board of trustees of the other school district involved, the transferee board, shall act on such request for transfer as soon as possible after the transferor board shall have approved or rejected such transfer and no later than the next regular meeting of the transferee board, and a failure of such transferee board to act within such time shall constitute a rejection of such request. If such a transfer should be refused by the board of trustees of either school district, then an appeal may be had to the county board of education. The said county board of education to which said appeal is taken shall act thereon not later than the date of its next regular meeting subsequent to the disapproval or failure to act by the board of trustees of said school district, or not later than the date of its next regular meeting subsequent to the filing of such appeal.[1]
In cases involving two (2) or more counties, where the students residing in one or more of said counties have been attending and wish to continue attending the school situated in the adjoining county which children from their community or communities have been attending for more than twenty-eight (28) years, and where the county line or county lines lie or lies within two (2) statutory miles of the school property, transfers may be granted for a period of time not to exceed twenty (20) years, subject to the approval of the respective county boards of education. In case said boards are unable to agree or in case there is popular objection to the decision of the respective boards in the matter, appeals shall lie to the state educational finance commission whose decision shall be final.
Legally transferred students going from one school district to another shall be counted for teacher allotment and allotments for other current costs by the school district wherein the pupils attend school, but shall be counted for transportation allotment purposes in the school district which furnishes or provides the transportation.
The appeals herein provided for may be taken by said parent or guardian of a student, as to individual students, or as *221 to a grade or grades by the petitioning parent or guardian of a student or any member of the county board of education, dissatisfied by the refusal to transfer or failure to act, and the petition for appeal shall be filed or lodged with the president or secretary of said county board of education or the said commission, as the case may be, within five (5) days after the date by which the said board of trustees or the county board of education, as the case may be, is herein required to act, and shall set forth the facts complained of and request a hearing thereon, and thereby the appeal shall be perfected.
On appeals to the commission it shall forthwith fix the date for hearing such appeal and shall give notice to the board, or boards whose refusal or failure to act is complained of. All appeals shall be. without supersedeas. Such hearing shall be held at the offices of the commission in the City of Jackson, Mississippi, not less than fifteen (15) days nor more than thirty (30) days after the filing of such petition, and not less than seven (7) days after the mailing of the notice to the board whose conduct is complained of. The hearings before both the county board of education and the state educational finance commission shall be de novo, and the decision of the state educational finance commission shall be final.
In cases where two (2) or more coun- ' ties are concerned, if one of the county boards of edtication shall fail to act on said request for transfer as herein provided not later than its next regular meeting date after there shall have been filed or lodged with the president or secretary of such board notice of the approval of such transfer by the boards of trustees concerned, then an appeal from the failure of such county board of education to act on such proposed transfer may be had to the state educational finance commission in like manner as hereinbefore set out, and the decision of said commission shall be final.
If an appeal be perfected to the state educational finance commission as herein provided for, then a student or students, or a grade or grades, whose transfer is approved by it shall be considered as legally transferred, and such final decision shall be certified to the boards of trustees and county boards involved. (Emphasis added.)
It is to be observed that the legislature, by amending the above law, deleting the broad right of appeal to the Commission, in effect severely limited the right of appeal to the State Educational Finance Commission.
We are of the opinion and so hold that a pupil cannot transfer from the school district of one county to the school district of another county without the approval of the board of trustees of the school district of his residence or the approval of the county school board of his residence, and that under our present law no appeal will lie to the Commission for a hearing de novo from the ruling of the county school board denying the application to transfer except in two situations provided by statute. The appeal, otherwise, is to the circuit court as provided by Section 6334-05, Mississippi Code 1942 Annotated (Supp.1972).
The first situation where an appeal will lie to the Commission is provided for under paragraph 3 of Section 6248-07, Mississippi Code 1942 Annotated (Supp.1972), which reads as follows:
In cases involving two (2) or more counties, where the students residing in one or more of said counties have been attending and wish to continue attending the school situated in the adjoining county which children from their community or communities have been attending for more than twenty-eight (28) year's, and where the county line or county lines lie *222 or lies within two (2) statutory miles of the school property, transfers may be granted for a period of time not to exceed twenty (20) years, subject to the approval of the respective county boards of education. In case said boards are unable to agree or in case there is popular objection to the decision of the respective boards in the matter, appeals shall lie to the state educational finance commission whose decision shall be final.[2] (Emphasis added.)
The pupils in this case do not come within the above provisions as it was stipulated that the Morton Attendance Center is more than two miles from the county line and that the children of this Smith County community have only attended this Scott County School for approximately thirteen years.
The second situation where an appeal will lie to the Commission is found in paragraph 7 of Section 6248-07, Mississippi Code 1942 Annotated (Supp.1972), which reads as follows:
In cases where two (2) or more counties are concerned, if one of the county boards of education shall fail to act on said request for transfer as herein provided not later than its next regular’ meeting date after there shall have been filed or lodged with the president or secretary of such board notice of the approval of such transfer by the boards of trustees concerned, then an appeal from the failure of such county board of education to act on such proposed transfer may be had to the state educational finance commission in like manner as hereinbefore set out, and the decision of said commission shall be final. (Emphasis added.)
The above paragraph 7 of Section 6248-07 contemplates a situation where the board of trustees of a school district of one county agrees to a transfer of children from that district to another county but the request to transfer is not acted on by their county board of education, thereby effectively denying the application to transfer. In that instance, an appeal would lie to the Commission from the county board of education’s failure to act since the requirements of the statute would be met in that the applicant could show the consent to the transfer by the board of trustees of the school district of their residence. In such a case, the legislature provided a means whereby this consent could not be nullified by the county board of education’s refusal to act thereon by providing for an appeal to and a hearing de novo before the Commission.
In the case before us the Smith County pupils were unable to show that they had the necessary consent of the Board of Trustees of their school district since that board is one and the same as the Smith County Board of Education. They were therefore unable to meet the requirements of paragraph 7 of Section 6248-07, which requires the filing or lodging “ . . . with the president or secretary of such board notice of the approval of such transfer by the board of trustees, .” and failing in such, the conditions precedent to an appeal to the Commission were not met and no appeal thereto would lie.
The judgment of the lower court is reversed and judgment is entered here for the appellants.
Reversed and judgment here for appellants.
GILLESPIE, C. J., and SMITH, SUGG and BROOM, JJ., concur.

. The following language was inserted in our school laws by Chapter 25, Laws of 1954, but was deleted when the section was amended in 1960 and was left out again when it was amended by Chapter 357, Laws of 1962: “In cases involving more than one county, appeals shall lie to the State Educational Finance Commission unless the boards of education of all counties concerned shall approve such transfer.”

. Although the statute recites that the decision of the Commission is to be final, that decision is nevertheless subject to judicial review by the chancery court as provided by Section 6246-12, Mississippi Code 1942 Annotated (Supp.1972), to determine whether the order of the Corn-mission is supported by substantial evidence or is arbitrary and capricious, or whether the order was beyond the power of the Commission to make or violates some statutory or constitutional rights of an interested party.