ETHRIDGE, Chief Justice:
Bankers Trust Savings and Loan Association, appellant, filed its petition for authority to establish and operate a branch office in the City of Winona, Montgomery County, Mississippi. The two appellee banks, located in Winona, objected. In accord with the Savings and Loan Act of 1962, the Board of Savings and Loan As *416 sociations must approve the charter of a new association and establishment of a branch office of an existing savings and loan association. Miss. Code 1942 Ann. §§ 5288-04, 5288-06, 5288-07, 5288-12 (Supp. 1968).
The definitive provisions are those of Code section 5288-06:
Before the board shall approve a charter, the petitioners shall, to the satisfaction of the board, show: (1) A need for the association in the area in which it is to be domiciled, (2) that the presence of the proposed association will not jeopardize the financial stability of any existing association if said existing association is fulfilling the needs of the area of the proposed association, (3) that the organization of the association will benefit the area in which it shall be located.
After a hearing the Board denied Bankers Trust’s petition for creation of a branch office. It held that petitioner had failed to prove to the satisfaction of the Board the three requirements of Code section 5288-06, i.e., need, no jeopardy to existing association, and benefit to the area. Bankers Trust then appealed to the Chancery Court of Montgomery County (Code § 5288-07), which affirmed the Board’s order in a well-reasoned opinion. We conclude that there was substantial evidence to support the Board’s decision, and thus affirm its order and the decree of the chancery court.
It is not necessary here to decide the scope of the second statutory standard, namely, that petitioner must show that the proposed branch office would not jeopardize the financial stability “of any existing association if said existing association is fulfilling the needs of the area of the proposed association * * *” There is no savings and loan association in Winona or Montgomery County. An officer of the association in the adjoining County of Grenada stated a Winona branch office would not jeopardize its financial stability.
Petitioner offered as witnesses two of its officers and a considerable amount of economic statistics about Wi-nona and Montgomery County. Economic and social data concerning a community are relevant on both the need and benefit issues. Cf. Planters Bank v. Garrott, 239 Miss. 248, 122 So.2d 256, 123 So.2d 240 (1960); First National Bank of Vicksburg v. Martin, 238 So.2d 856 (Miss.1970). However, the Board had the duty to evaluate all of the evidence and to determine whether petitioner met its burden of proof to show need and benefit. The former standard means a substantial or obvious need justifying the location of a branch savings and loan association, but mere convenience is not sufficient to satisfy the statutory requirement. Planters Bank v. Garrott, supra. The Board was justified in concluding that, although a branch office located in Winona might be of some convenience to the public, there was no economic need for it, nor would the benefit to accrue be of a substantial nature.
In granting or denying the right to establish a savings and loan association or a branch office, the Board exercises a licensing power, which is essentially a legislative function. The scope of judicial review in such cases is to determine whether the order granting or denying the license is supported by substantial evidence, is arbitrary or capricious, is beyond the Board’s power, or violates some constitutional or statutory right of an interested party. First National Bank of Vicksburg v. Martin, supra. Considering the totality of the evidence and the inferences which might be drawn from it, we conclude that there was substantial evidence to support the order.
Affirmed.
GILLESPIE, P. J., and RODGERS, BRADY and SMITH, JJ., concur.