325 So.2d 902 (1976)
MAINSTREAM SAVINGS & LOAN ASSOCIATION
v.
WASHINGTON FEDERAL SAVINGS & LOAN ASSOCIATION et al.
No. 48485.
Supreme Court of Mississippi.
January 27, 1976.
*903 Robertshaw & Merideth, Greenville, for appellant.
Clark, Davis & Belk, Indianola, Bogen & Bogen, Greenville, for appellees.
Before GILLESPIE, WALKER and BROOM, JJ.
WALKER, Justice.
This is an appeal from the Chancery Court of Washington County reversing and vacating an order of the Mississippi Board of Savings & Loan Associations which had approved the appellant's petition for a charter of incorporation of Mainstream Savings & Loan Association in Greenville, Mississippi. We reverse and reinstate the order of the Board.
The appellees, Washington Federal Savings & Loan Association, Delta State Savings & Loan Association and First Savings & Loan Association of West Mississippi, contested Mainstream's application. Six banks and one other savings and loan association doing business in Washington County did not contest the application.
The primary issue in this case is whether the appellant presented substantial evidence to support the Board's decision. That determination must be made in view of the rule that our Constitution does not permit the judiciary of this State to retry de novo matters on appeal from administrative agencies. Our courts are not permitted to make administrative decisions or perform the functions of an administrative agency. Administrative agencies must perform the functions required of them by law. When an administrative agency has performed its function, and has made the determination and entered the order required of it, the parties may then appeal to the judicial tribunal designated to hear the appeal. The appeal is a limited one, however, since the courts cannot enter the field of the administrative agency. The court will entertain the appeal only to determine whether or not the order of the administrative agency (1) was supported by substantial evidence; (2) was arbitrary or capricious; (3) was beyond the power of the administrative agency to make; or (4) violated some statutory or constitutional right of the complaining party. This rule has been thoroughly settled in this State. Mississippi State Tax Commission v. Mississippi-Alabama State Fair, 222 So.2d 664 (Miss. 1969). See Loftin v. George County Board of Education, 183 So.2d 621 (Miss. 1966); City of Meridian v. Davidson, 211 Miss. 683, 53 So.2d 48 (1951); California Co. v. State Oil & Gas Board, 200 Miss. 824, 27 So.2d 542 (1946), suggestion of error overruled, 200 Miss. 824, 28 So.2d 120 (1946).
Mississippi Code Annotated section 81-11-11 (1972) requires that before the board shall approve a charter, the petitioners must show (1) there is a need[1] for the association in the area in which it is to be domiciled; (2) the presence of the proposed association will not jeopardize the financial stability of any existing association if the existing association is fulfilling the needs of the area of the proposed association; and (3) the organization of the association will benefit the area in which it is to be located.
It is not necessary for us to detail the evidence in this case. Suffice it to say that Mainstream produced nine witnesses, including the Mayor of Greenville, the President of the Chamber of Commerce, an economic expert and two local builders as well as other local businessmen, whose testimony *904 provided substantial evidence with respect to the first and third requirements above mentioned.
As to the second requirement of the statute, i.e., that "the presence of the proposed association will not jeopardize the financial stability of any existing association if the existing association is fulfilling the needs of the area of the proposed association," we must accept the evidence which supports or reasonably tends to support the conclusion upon which the order is based, together with all inferences favorable to it which may be drawn from the evidence. We also recognize that the Board has a certain amount of expertise in its field and has a reasonable latitude in the exercise of sound judgment in the performance of its specialized function. First National Bank of Vicksburg v. Martin, 238 So.2d 856 (Miss. 1970). With these rules in mind, we are of the opinion that the Board correctly concluded from the testimony of the Executive Secretary of Delta State that Delta's problems stemmed not from the economic situation in the community at the time, but was the result of a lack of management that occurred after the death of Delta's founder and president, Bob Love, who was the moving force behind Delta.
Next, there is evidence in the record that First Savings & Loan Association of West Mississippi established a branch office in Greenville in November, 1972, approximately one year before the Board granted a charter to Mainstream. Although the First Savings Branch Office in Greenville is steadily increasing its share of deposits and loans, it was nevertheless operating in the red at the time of the hearing. However, this would not be unusual for a newly established branch of a savings and loan association. Moreover, there is nothing in the record to show that this would affect the stability of First Savings & Loan Association. To the contrary, the record reveals that First Savings & Loan, which is domiciled in Indianola, Mississippi, is a healthy, prosperous and growing institution.
We are of the opinion that the order of the Savings and Loan Board granting a charter of incorporation to Mainstream Savings & Loan was based on substantial evidence, and that the lower court erred in voiding that order.
Therefore, the judgment of the lower court is reversed and the order of the Savings & Loan Board is reinstated granting a charter of incorporation to Mainstream Savings & Loan Association.
Reversed and order of board reinstated.
RODGERS, P.J., and PATTERSON, INZER, SMITH, ROBERTSON and SUGG, JJ., concur.
NOTES
[1] The need must be substantial or obvious. Planters Bank v. Garrott, 239 Miss. 248, 122 So.2d 256 (1960); Bankers Trust Savings and Loan Association v. Bank of Winona, 243 So.2d 415 (Miss. 1971).