## IN THE SUPREME COURT OF MISSISSIPPI

### NO. 1998-SA-01742-SCT

*HENRI TILLMON*

*v.*

*MISSISSIPPI STATE DEPARTMENT OF HEALTH*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/02/1998 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIE GRIFFIN |
| ATTORNEYS FOR APPELLEE: | ONETTA WHITLEY |
| | BENJAMIN MACK MITCHELL |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND REMANDED - 11/18/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/09/99 |

## BEFORE SULLIVAN, P.J., SMITH AND COBB, JJ.

## SMITH, JUSTICE, FOR THE COURT:

¶1. This case comes to this Court on appeal of Henri Tillmon from an order of the Circuit Court of Washington County, Mississippi, which affirmed the decision of the State Employee Appeals Board (EAB) which found that it lacked jurisdiction to declare a vacancy and to award monetary compensation as damages. The EAB, however, did award attorney and filing fees.

¶2. After careful review, we disagree. The state did not cross-appeal on the issue of attorney's fees and filing fees. Therefore, we do not address that this issue. However, as to the lack of jurisdiction to declare a vacancy, we reverse and remand for proceedings consistent with this opinion.

### STATEMENT OF FACTS

¶3. In January 1996, the position of Branch Director II, a state service position, with the Mississippi Department of Health (hereinafter Department of Health) became vacant due to promotion of the incumbent, Clara Davis. Clara Davis notified her division director, Craig Thompson, and other staff of her promotion. Mark Colomb, a time-limited employee in the same division, informed Clara Davis that he would replace her. This statement was made before the agency advertised the position. Russell Cantrell and Karen Underwood, employees assigned to the Department of Health during this time, also informed Clara Davis that according to Thompson, Colomb would be promoted to replace her as Branch Director II. Henri Tillmon, employed with the Department of Health since June, 1980, presently works in the Greenville office. Tillmon submitted an application to be considered for the Branch Director position to the State

Personnel Board (SPB) on February 20, 1996.

¶4. Initially , Thompson treated the position as an intra-agency promotion in order for employees in the Department of Health to be considered, particularly Colomb. The position was advertised, on or about March 18, 1996, only in the Central Office. A request for a Certificate of Eligibles for the intra-agency position was made on April 22, 1996. Interviews were conducted, and Colomb was selected to fill the Branch Director II position.

¶5. In May 1996, Thompson submitted a Request for Job Action form to hire Colomb for the position. After review of this form, Thompson was told by Katie Frazier, employee in the personnel department at the Department of Health, that Colomb could not be promoted to the position of Branch Director II because (1) Colomb did not have a current performance appraisal rating, and (2) Colomb was in a non-state service status. As a time-limited employee, Colomb could not be employed into a permanent state service position through the intra-agency process. The promotion could only be filled using a Certificate of Eligibles.

¶6. Thompson and Colomb went to Frazier's office to get clarification on the process. Frazier thought this was quite unusual because the selection process is supposed to be fair and open, and Thompson's bringing Colomb to the personnel office was blatant evidence of preselection. During the office visit, Thompson asked what he needed to do to get Colomb promoted to the position. Pat Klar, personnel director for the Department of Health, also testified that it was improper for the person handling the promotion and the applicant for the position to come to the personnel office together and asked how the applicant could be employed or placed on a list of eligibles. According to Klar, Thompson's inquiry was a violation of SPB rules.

¶7. Thompson returned a day or two later with Colomb's application attached to the Request for a Certificate of Eligibles which meant the certificate would not print until Colomb's name had been placed on the certificate. The request for the Certificate of Eligibles was processed to SPB in May, 1996. When the list of eligibles was received, Henri Tillmon's name was on the certificate. The intra-agency policy of the Department of Health required the person hiring an employee to contact each applicant on the certificate of eligibles and offer an interview. Thompson violated that policy because Tillmon was not notified and interviewed.

¶8. In late May, Tillmon heard rumors that Colomb had been appointed to the position. On May 30, 1996, Tillmon wrote Dr. F. E. Thompson, Director of the Department of Health, advising him that he had not received an interview nor had the position been advertised in the county office. Tillmon was afforded an interview on June 6, 1996, even though Colomb had been selected. On July 1, 1996, Colomb was promoted to Branch Director. Tillmon was not aware of the promotion until October, 1996. Tillmon then initiated this grievance procedure. There was evidence he requested assistance from the agency in filing the grievance pursuant to the Department of Health's handbook, but he was not provided any assistance. The compliance officer for the Department of Health discovered numerous violations of SPB rules and regulations including an arbitrary appraisal score of 4.25 given to Colomb by Craig Thompson. The compliance officer stated, "if an applicant is recommended for promotion to an open competitive position before all applicants are interviewed, it would constitute a violation of SPB rules."

¶9. Subsequent to this EAB hearing, the hearing officer found "(1) the appellant requested, but did not receive, assistance from the agency in filing his grievance, (2) the individual selected for the promotion was

in fact pre-selected, and (3) the attempt to follow selection procedures outlined was a sham, a mere formality because the attempt was made to proceed within the rules only after the selection was made." He continued by stating:

> There being no vacancy, the EAB lacked jurisdiction to declare a vacancy, however it can advise the Mississippi State Department of Health to exercise extreme care in all subsequent promotions and to follow all published rules and regulations of the State Personnel Board to the letter. The Employee Appeals Board lacks the jurisdiction to pay the Appealing Party any monetary compensation as damages, if however, it had the jurisdiction, this is an instance when it would exercise that jurisdiction. The Appealing Party also alleged age discrimination, however there was no evidence of any such evidence of any such discrimination, both the appellant and the individual selected for promotion being of the same sex and race.

¶10. The hearing officer concluded noting "the grievance had merit and the Mississippi State Department of Health failed to follow the published rules and regulation in this instance having acted arbitrarily and capriciously." It was ordered that Tillmon recover the $560 filing fee and because of the arbitrary and capricious acts of the Department of Health, the sum of $4,500 was awarded as attorney's fees.

¶11. Tillmon appealed this order to the full board of the EAB citing as error the failure of the hearing officer to declare a vacancy in the position of Branch Director II , to put him in the vacancy, to give him back pay and other monetary damages, and to award all expenses of the appeal. On review, the EAB affirmed the decision of the hearing officer.

¶12. On July 13, 1998, Tillmon filed a Request for Judicial Review of the Order of the EAB. On September 18, 1998, after a review of the hearing transcripts, Circuit Court Judge W. Ashley Hines concluded the decision of the EAB was supported by substantial evidence, was not arbitrary or capricious, and the determination of the Board En Banc was conclusive.

¶13. Aggrieved by the circuit court's denial of his requested relief , Tillmon appeals to this Court and assigns the following issue as error:

> **I. WHETHER THE CIRCUIT COURT ERRED IN AFFIRMING THE DECISION OF THE MISSISSIPPI EMPLOYEE APPEALS BOARD IN HOLDING THAT THE EMPLOYEES APPEALS BOARD LACKS JURISDICTION TO DECLARE A VACANCY, TO AWARD BACK PAY AND SENIORITY AND OTHER MONETARY RELIEF.**

¶14. We note additionally that the Department also argues that the award of attorney's fees to Tillmon was in error, but the State did not cross-appeal on this issue. The Department is not entitled to raise new issues on appeal without filing a cross-appeal. *Lindsey v. Lindsey*, 612 So.2d 376, 378 (Miss. 1992). Thus, this late issue of whether Tillmon should have been granted attorney's fees and filing fees is procedurally barred and will not be addressed.

## STANDARD OF REVIEW

¶15. This Court generally accords great deference to the agency's interpretation of its own rules and statutes which govern its operation. *Mississippi State Tax Comm'n v. Mask,* 667 So.2d 1313, 1314(Miss. 1995). An appeal from an administrative agency is a limited one. *Mainstream Sav. & Loan Ass'n v. Washington Federal Sav. & Loan Ass'n*, 325 So.2d 902, 903 (Miss. 1976). In reviewing the

decisions of administrative agencies, this Court will entertain the appeal only to determine:

> whether or not the order of the administrative agency (1) was unsupported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond the power of administrative agency to make, or (4) violated some statutory or constitutional right of the complaining party.

*Id.* at 903. See also *Mississippi Comm'n on Envtl. Quality v. Chickasaw County Bd. of Supervisors,* 621 So.2d

1211, 1215 (Miss. 1993).

## ANALYSIS OF LAW

¶16. The position in question is a state service position of the Department of Health and is subject to the rules and regulations of the SPB promulgated pursuant to Miss. Code Ann. §§ 25-9-101 to 155 (1999). The primary issue for this Court to determine is whether the Employee Appeals Board lacks jurisdiction to declare a vacancy.

¶17. The circuit court's decision is contrary to the very purpose for which the Employee Appeals Board was created. Miss. Code Ann. § 25-9-129 (1999) states that the EAB was created:

> . . . for the purpose of holding hearings, compiling evidence and rendering decisions on appeals of state agency action adversely affecting the employment status or compensation of any employee in the state service. . . .

Miss. Code Ann. § 25-9-129 (1999). Furthermore, Miss. Code Ann. § 25-9-101 (1999) states that the legislative purpose is to establish a system of personnel administration in Mississippi:

> based on sound methods of personnel administration governing the establishment of employment positions, classification of positions and the employment conduct, movement and separation of state employees; to build a career service in government which will attract, select and retain the best persons, with incentives in the form of equal opportunities for initial appointment and promotions in the state service; and to establish a system of personnel management that will ensure the effective and efficient use of employees in the state service.

Miss. Code Ann. § 25-9-101 (1999). The ruling by the EAB in the case *sub judice* has significantly reduced the effectiveness of the state system of personnel administration. Although noting that § 25-9-131 has been applied to wrongful termination cases, the circuit court nevertheless opined that the case at bar is distinguished because this promotion issue involves only preselection. Regardless, we note that the agencies' procedures were not followed, and those qualified for employment were not given an equal opportunity to be promoted to the position in question. Such blatant disregard for policies and procedures cannot possibly help the state ". . . attract, select and retain the best persons . . ." for state service.

¶18. Policy 10.10.3(B) of the Mississippi State Personnel Board Policy and Procedures Manual states that an action is grievable if it involves "application of personnel policies, procedures, rules, regulations, ordinances, and statutes. . ." Mississippi State Personnel Board Policy and Procedures Manual, Policy 10.10.3(B). The appointment of Colomb was the result of the Department's failure to apply personnel policies, rules and regulations. Tillmon's grievance is also allowable under Policy 10.10.4(E) which states

that an issue is non-grievable if it involves:

> the selection of an individual by the appointing authority, department head, or designee to fill a position through promotion, transfer, demotion, or appointment **unless it is alleged that selection is in violation of a written agency policy or of a State Personnel Board rule on filling vacancies. . .**

Mississippi State Personnel Board Policy and Procedures Manual, Policy 10.10.4(E)

¶19. There can be no argument that the action by the Department of Health adversely affected Tillmon's employment, as well as all other candidates placed on the Certificate of Eligibles qualified to fill the position in question. Nor can there be any argument that this is a grievable action. Colomb was appointed to the position in question in direct violation of established procedures. Tillmon was not given the opportunity to even interview for the job until he questioned the Department's handling of the matter. The interview that Tillmon was granted was nothing more than a "pretext" and "sham" to comply with procedures, as was noted by the Hearing Officer.

¶20. We cannot say that Tillmon would have been promoted to the position, nor can we say that he would not have been promoted. He should, however, along with the others listed on the Certificate of Eligibles, have been given a fair chance at receiving the promotion.

¶21. This Court has noted that Rule 20(b) of the EAB's own operating rules provides that the EAB may modify an agency decision if there is a violation of published policies, rules and regulations of the SPB. *Johnson v. Mississippi Dep't of Corrections*, 682 So.2d 367, 370 (Miss. 1996). The Department of Health's compliance officer found numerous violations of SPB rules. The Hearing Officer stated:

> There was testimony from Clara Davis, that prior to her leaving the position, the individual who was selected for the promotion, told her that he would get her position when she left. There was also the testimony of Russell Cantrell, that he heard who would be promoted as early as May 7, 1996. Karen Arrowood testified that early in May, 1996, it was known in the Central Office who was to be selected for the promotion.

> There was evidence that the Appealing Party requested assistance from the Agency in the filing of his grievance, the evidence reflects that he was not provided any assistance by the Agency. From the record, it is clear that the Appealing Party requested assistance in filing the grievance, and it is clear that the Agency did not render the requested assistance.

> The testimony and evidence clearly indicates that the individual selected for the promotion was in fact pre-selected, and that **the attempt to follow the selection procedure outlined was a sham, a mere formality. This action having been condoned and approved by all levels of management of the Mississippi State Department of Health is an affront to the hard working and loyal state service employees.**

> It is clear to the Hearing Officer, that pre-selection occurred in this promotion. Then an attempt was made to proceed within the rules, only after the selection was made. It is the opinion of the Hearing Officer that the written rules for this Agency-Only Competitive Promotion, were not properly followed.

The Hearing Officer stated that "the grievance had merit and the Mississippi State Department of Health failed to follow the published rules and regulations in this instance having acted arbitrarily and capricious." He further stated that there was no vacancy and the EAB had no jurisdiction to declare a vacancy. On the contrary, Miss. Code Ann. § 25-9-131 states in pertinent part that:

> . . . The employee appeals board **may modify the action of the department, agency or institution** but may not increase the severity of such action on the employee. Such appointing authority shall promptly comply with the order issued as a result of the appeal to the employee appeals board.

Miss. Code Ann. § 25-9-131 (1)(1999) (emphasis added). By the plain reading of the statute, it is easily inferred that the EAB has the authority to declare the position vacant. The Department argues that to remove Colomb would deprive him of his property interest in his employment. However, Colomb has no property interest in the position in which he is employed.

¶22. The United States Supreme Court has stated that:

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. **He must, instead, have a legitimate claim of entitlement to it.**

*Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972)(emphasis added). Colomb has no legitimate claim of entitlement as Branch Director II. He obtained the position through inappropriate, if not illegal, preselection measures. To remove him from this position will not deprive him of any property interest.

¶23. Selection procedures are instituted to avoid "playing favorites," as happened here. In *Gill v. Mississippi Dep't of Wildlife Conservation*, 574 So.2d 586 (Miss. 1990), a terminated conservation officer appealed his discharge by the Department of Wildlife Conservation. Upon review by the EAB, Gill was reinstated with full backpay. *Id.* at 589. The EAB found that Gill had been

> fired for partisan political and personal reasons and that he was not treated with the fairness, justice and respect as is demanded by the laws of the State of Mississippi. . . .

*Id.* at 589-90. This Court upheld the EAB stating that:

> [t]he law protects a politically inactive and unconnected employee the same as one who has positive political opinions and affiliations. . . Gill lost his job because he lacked politically powerful affiliations.

*Id.* at 594.

¶24. Miss. Code Ann. § 25-9-115 (1999) gives the SPB authority to make rules and regulations, but not in contradiction to §§ 25-9-127 and 25-9-131. *Johnson*, 682 So. 2d at 369. It is a well settled rule that an agency's rule-making power does not extend to the adoption of regulations which are inconsistent with actual statutes. *State ex rel. v. Mississippi Public Serv. Comm'n,* 538 So. 2d 367, 373 (Miss. 1989), rather the SPB has the broad responsibility of developing policies which promote a fair employment system. *Id.* This authority should not be exercised in derogation of the rights of others. If so, the action is clearly acting arbitrary and capricious.

¶25. While Tillmon was not terminated from a position, the same reasoning applies to Tillmon. The fact remains that Tillmon apparently did not have insider contacts as powerful as Colomb's. From the moment it was known that the position in question would be open, Colomb, as well as everyone else involved, knew that Colomb would be taking the position. Apparently, Colomb was a friend of the division director, Craig Thompson. In fact, Craig Thompson did everything in his power to have his friend placed in the open position. Everything in his power included violating policies and procedures of the state personnel system. The fact that the agency apparently subsequently attempted to retract and follow procedure as outlined by SPB does nothing to alter the initial decision of preselection of Colomb over all other possible applicants. Craig Thompson's responsibility is to follow the laws of the State of Mississippi, not to do whatever it takes to circumvent those laws to promote his personal interests.

¶26. It is the job of the EAB to ensure that proper selection procedures are followed, and this was not done in this case. The EAB should have declared a vacancy and ordered the Department to comply with established procedures in filling the vacancy, whether or not it be with Tillmon. To do otherwise is to recognize a wrong, but then find, as did the EAB, that there is no remedy. We hold that the State Employment System must, and does, have a remedy for such a wrong as we find here. The remedy is to declare a vacancy. The circuit court erred as a matter of law in not so ruling.

## CONCLUSION

¶27. The hearing officer found that the State Personnel Board (SPB) procedures were not properly adhered to in this case by the Department of Health. Preselection of one person for a position of employment to the detriment of all other applicants in violation of applicable rules is clearly arbitrary and capricious. We cannot allow this preselection action of the Department of Health to stand. The remedy is to declare a vacancy, and to order proper compliance with rules, regulations and our statutes in filling that vacancy. We reverse the judgment of the Washington County Circuit Court and judgment of the Employee Appeals Board to the extent that it ruled that it lacked jurisdiction to declare a vacancy in the Branch Director II position at issue, and we remand this case to the Employee Appeals Board with directions that it enter a judgment declaring the Branch Director II position vacant, and no later than 30 days after that declaration the Department of Health shall promptly fill the vacancy in the manner prescribed by law. The Employee Appeals Board may conduct any other necessary proceedings consistent with this opinion.

¶28. **REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, MILLS, WALLER AND COBB, JJ., CONCUR.**