# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1999-CT-00262-SCT

*LORNA SHIRD AND CARRIE CUMMINS*

*v.*

*MISSISSIPPI STATE DEPARTMENT OF MENTAL HEALTH*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 12/29/1998 |
| TRIAL JUDGE: | HON. ERMEA JACKSON RUSSELL |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | GAIL S. AKIN |
| ATTORNEY FOR APPELLEE: | MELISSA S. BARIA |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND REMANDED - 04/12/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/3/2001 |

EN BANC.

DIAZ, JUSTICE, FOR THE COURT:

¶1. The question presented in this appeal is whether state employees, improperly denied an opportunity to be considered for promotion, are limited in remedy only to being considered for any new openings that become available in the position in question. The Mississippi Employee Appeals Board announced this limited remedy, and the Hinds County Circuit Court and the Court of Appeals found no reversible error in the decision. This Court granted certiorari on this question, and after consideration, we reverse and remand to the Employee Appeals Board with directions.

### I.

¶2. The following facts are taken from the opinion of the Court of Appeals:

This is an appeal from the Circuit Court of Hinds County sitting as an appellate court to review a decision of the Mississippi Employee Appeals Board, an administrative tribunal established to review public employee grievances from personnel actions taken within the various agencies of the State of Mississippi. The appellants are Lorna Shird and Carrie Cummins, both of whom were employed at the Hudspeth Regional Center in the position known as Associate Psychologist. Their grievance consisted of a complaint that the director of that institution, Dr. John Lipscomb, improperly limited their opportunity to advance to the next higher level of Psychologist I by hiring other less experienced and less qualified individuals as Associate Psychologists and shortly thereafter reclassifying those employees to Psychologist I without formally declaring a vacancy for the Psychologist I position and complying with State Personnel Board regulations that permit some measure of competition for such positions.

In fact, Shird and Cummins prevailed on the merits before the Employee Appeals Board since the Board concluded that the director was, in fact, employing a subterfuge to circumvent the Personnel Board regulations for filling vacant Psychologist I positions. . . .

In this case, the Employee Appeals Board concluded that Dr. Lipscomb was, in fact, filling Psychologist I positions but was doing so in a manner having the effect--whether it was his intent or not--of denying Shird, Cummins, and others similarly situated from being considered for those vacancies. Dr. Lipscomb was doing so, according to the Appeals Board, by purporting to fill an Associate Psychologist position at the same level as Shird and Cummins, but doing so with a firm prior commitment with the new employee that within a very short time that person would be reclassified as a Psychologist I.

Shird and Cummins further complained that, when they confronted Dr. Lipscomb about his promoting others with less time on the job and whom they believed to be less qualified, Dr. Lipscomb informed them that they could not be considered for the Psychologist I position unless they were enrolled in a doctoral program and signed a contract that, if they ceased to pursue their doctoral degree, they would revert to the Associate Psychologist level. It was the position of Shird and Cummins that the minimum qualifications for Psychologist I were, by law, to be established by the State Personnel Board and that Dr. Lipscomb, in his capacity as director of Hudspeth, did not have the legal authority to require additional requirements of eligibility for the position. The Employee Appeals Board agreed with Shird and Cummins on this issue and concluded that their eligibility--to be distinguished from their entitlement--to serve in the position of Psychologist I must be determined solely by Personnel Board criteria not supplemented by Dr. Lipscomb's own additional requirements.

*Shird v. Miss. State Dep't of Mental Health*, No. 1999-CC-00262-COA ¶¶ 1-2, 3-4 (Miss. Ct. App. Aug. 15, 2000). In addition, it was alleged at the hearing before the Employee Appeals Board (EAB) that Dr. Lipscomb followed this practice because as a result of separate litigation, Lipscomb had been ordered to offer an open Psychologist I position to one Verlon Williams. Shird and Cummins alleged that because of this, Lipscomb instituted the hiring procedure in question to ensure that a Psychologist I position would never be open to Verlon Williams, or anyone in their position.

¶3. Shird and Cummins argued that they were entitled to an immediate promotion to the position of Psychologist I with back pay. The EAB hearing officer disagreed, finding instead that they "should be given the consideration for that position [Psychologist I] because they meet the minimum requirement as set out and established by the State Personnel Board, and not rejected because they did not meet the additional and special requirement of Dr. Lipscomb." On appeal from the EAB hearing officer, the Employee Appeals Board affirmed. On appeal, the Hinds County Circuit Court affirmed.

¶4. Cummins and Shird appealed from the circuit court judgment, and a divided Court of Appeals affirmed. The Court of Appeals found, under its limited review of administrative agency decisions, that the remedy granted by the Employee Appeals Board, while not as extensive as that sought by Cummins and Shird, was within its discretion and did not amount to reversible error. The dissent found that the EAB decision amounted to no remedy for Shird and Cummins.

## II.

¶5. The applicable standard of review may be found in *Tillmon v. Miss. State Dep't of Health*, 749

So.2d 1017, 1020-21 (Miss. 1999):

> This Court generally accords great deference to the agency's interpretation of its own rules and statutes which govern its operation. *Mississippi State Tax Comm'n v. Mask*, 667 So.2d 1313, 1314 (Miss.1995). An appeal from an administrative agency is a limited one. *Mainstream Sav. & Loan Ass'n v. Washington Federal Sav. & Loan Ass'n*, 325 So.2d 902, 903 (Miss.1976). In reviewing the decisions of administrative agencies, this Court will entertain the appeal only to determine: whether or not the order of the administrative agency (1) was unsupported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond the power of administrative agency to make, or (4) violated some statutory or constitutional right of the complaining party. *Id.* at 903.

¶6. *Tillmon* presents a set of facts similar to this case. Tillmon, an employee of the State Department of Health, was denied consideration for the position of Branch Director II due to the improper actions of his division director in promoting another candidate. Tillmon utilized the grievance process offered through the EAB. The EAB hearing officer found that though the division director had acted arbitrarily and capriciously, the EAB did not have the authority to declare a vacancy for Tillmon or award back pay. Tillmon appealed on the ground that a vacancy should have been declared in the Branch Director II position, and he should have received the job and back pay. The full Employee Appeals Board affirmed, as did the circuit court.

¶7. This Court, after consideration of statutes involving the EAB and state personnel policies, found that "[t]he ruling by EAB in the case *sub judice* has significantly reduced the effectiveness of the state system of personnel administration." *Tillmon*, 749 So.2d at 1021. This Court further stated: "We cannot say that Tillmon would have been promoted to the position, nor can we say that he would not have been promoted. He should, however, along with the others listed on the Certificate of Eligibles, have been given a fair chance at receiving the promotion." *Id.* at 1022. This Court further found:

> The Hearing Officer stated that "the grievance had merit and the Mississippi State Department of Health failed to follow the published rules and regulations in this instance having acted arbitrarily and capricious." He further stated that there was no vacancy and the EAB had no jurisdiction to declare a vacancy. On the contrary, Miss.Code Ann. § 25-9-131 states in pertinent part that:

> ... The employee appeals board **may modify the action of the department, agency or institution** but may not increase the severity of such action on the employee. Such appointing authority shall promptly comply with the order issued as a result of the appeal to the employee appeals board.

> Miss.Code Ann. § 25-9-131(1)(1999) (emphasis added). By the plain reading of the statute, it is easily inferred that the EAB has the authority to declare the position vacant. The Department argues that to remove Colomb would deprive him of his property interest in his employment. However, Colomb has no property interest in the position in which he is employed.

*Tillmon*, 749 So.2d at 1022.

¶8. Finally, this Court concluded:

> It is the job of the EAB to ensure that proper selection procedures are followed, and this was not done in this case. The EAB should have declared a vacancy and ordered the Department to comply with established procedures in filling the vacancy, whether or not it be with Tillmon. To do otherwise is to recognize a wrong, but then find, as did the EAB, that there is no remedy. We hold that the State

Employment System must, and does, have a remedy for such a wrong as we find here. The remedy is to declare a vacancy. The circuit court erred as a matter of law in not so ruling.

*Tillmon*, 749 So.2d at 1023.

¶9. Carrie Cummins and Lorna Shird were improperly deprived of the chance to apply for the Psychologist I position because (a) Dr. Lipscomb arbitrarily added qualifications for the job beyond those set by the Personnel Board and (b) Dr. Lipscomb hired people as Associate Psychologists and then reclassified them into the Psychologist I position. Whatever Dr. Lipscomb's purpose, the effect was that a Psychologist I position would never be advertised or open to someone like Cummins and Shird. This Court's decision in *Tillmon* is controlling in this appeal. The Court of Appeals erred in not reversing and remanding this case to the EAB with directions to declare two vacancies at the Psychologist I position, as this Court did in *Tillmon*, so that Cummins and Shird may properly be considered for the positions under the rules of the State Personnel Board. For these reasons, the judgments of the Court of Appeals, the Hinds County Circuit Court, and the Employee Appeals Board are reversed, and this case is remanded to the Employee Appeals Board with directions that it enter a judgment declaring two Psychologist I positions vacant. No later than thirty days after that judgment the Department of Mental Health shall fill the vacancies in the manner prescribed by law, with proper consideration being given Cummins and Shird.

¶10. **REVERSED AND REMANDED TO THE EMPLOYEE APPEALS BOARD.**

**PITTMAN, C.J., BANKS AND McRAE, P.JJ., SMITH, MILLS, WALLER, COBB AND EASLEY, JJ., CONCUR.**