## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CC-00489-SCT

*MISSISSIPPI BUREAU OF NARCOTICS*

*v.*

*DELAINE STACY*

| | |
|---|---|
| DATE OF JUDGMENT: | 2/19/2001 |
| TRIAL JUDGE: | HON. THOMAS J. GARDNER, III |
| COURT FROM WHICH APPEALED: | ALCORN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GERALD WAYNE JONES |
| ATTORNEY FOR APPELLEE: | JOHN F. PERRY, III |
| | JOSEPH C. LANGSTON |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND RENDERED- 03/07/2002 |
| MOTION FOR REHEARING FILED: | 4/5/2002; denied 6/6/2002 |
| MANDATE ISSUED: | 6/13/2002 |

**BEFORE McRAE, P.J., DIAZ AND GRAVES, JJ.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1. Delaine Stacy ("Stacy") was dismissed as a narcotics agent with the Mississippi Bureau of Narcotics ("Bureau") based on an altercation that occurred between Stacy and his father-in-law and mother-in-law and a resulting conviction for simple assault. Stacy appealed his dismissal before the Mississippi Employee Appeals Board ("EAB"). The EAB hearing officer affirmed the Bureau's action. Stacy then sought review by the entire Employee Appeals Board ("EAB") of the hearing officer's order. Upon review by the EAB, the previous order of the hearing officer was upheld. Next, Stacy appealed to the Circuit Court of Alcorn County, seeking review of the order issued by the EAB. The circuit court reversed the order of the EAB. Feeling aggrieved by that decision, the Bureau appeals to this Court and assigns as error the following:

> I. WHETHER THE CIRCUIT COURT ERRED IN FINDING THAT THE ACTION OF THE EMPLOYEE APPEALS BOARD WAS NOT SUPPORTED BY ANY SUBSTANTIAL EVIDENCE AND WAS IN FACT ARBITRARY AND CAPRICIOUS.

> II. WHETHER THE CIRCUIT COURT ERRED IN FINDING THAT STACY MET HIS BURDEN OF PROVING THE REASONS FOR DISMISSAL WERE NOT TRUE AND FINDING THAT THE CONDUCT DID NOT OCCUR.

> III. WHETHER THE CIRCUIT COURT ERRED BY ORDERING THE MISSISSIPPI BUREAU OF NARCOTICS TO REINSTATE STACY AS A NARCOTICS AGENT WITH FULL

BENEFITS AND BACK PAY WITHOUT ADDRESSING STACY'S DUTY TO MITIGATE HIS DAMAGES.

## FACTS

¶2. Stacy was employed as a narcotics agent with the Mississippi Bureau of Narcotics. On October 18, 1997, an altercation occurred between Stacy and his father-in-law (Kenneth Ross) and his mother-in-law (Sue Ross). The altercation took place at the home of Mr. and Mrs. Ross in Alcorn County, Mississippi. As a result of the altercation, Mr. and Mrs. Ross received injuries and were transported by ambulance to the Magnolia Regional Health Center. Mr. and Mrs. Ross filed a complaint with the Alcorn County Sheriff's Department against Stacy and later Mr. Ross filed a criminal affidavit with the Alcorn County Justice Court against Stacy. Stacy was charged with two counts of simple assault, and at a subsequent justice court proceeding, Stacy was found guilty of one count of simple assault.

¶3. On October 21, 1997, Colonel Tom Blain, Director of the Mississippi Bureau of Narcotics, placed Stacy on administrative leave with pay. Stacy was allowed to return to duty in a non-enforcement status on January 7, 1998. On February 2, 1998, the Bureau Director initiated a disciplinary action against Stacy pursuant to authority granted under the Mississippi State Personnel Board Policy and Procedures and Mississippi Bureau of Narcotics General Order.

¶4. After an administrative hearing was conducted by Colonel Blain, Stacy was dismissed as a narcotics agent effective April 1, 1998. The dismissal was based on: (1) the altercation that occurred between Stacy and the Rosses; and (2) the conviction in the Alcorn County Justice Court of simple assault.[1]

¶5. On April 15, 1998, Stacy filed a notice of appeal to the Mississippi Employee Appeals Board. The appeal sought Stacy's reinstatement of his position with full benefits and back pay from his dismissal as a narcotics agent with the Mississippi Bureau of Narcotics. A hearing was held on June 29, 1998, before hearing officer Falton O. Mason. Hearing Officer Mason issued an order dated July 17, 1998, finding that Stacy had not sustained his required burden that the action taken by the Bureau was arbitrary or capricious. Hearing Officer Mason affirmed the Bureau's actions and dismissed Stacy's appeal. Subsequently, Stacy filed a written request for review of the order before the entire Employee Appeals Board. On January 7, 1999, the EAB issued an order which upheld the previous order issued by Hearing Officer Mason. Stacy petitioned the Circuit Court of Alcorn County for review of the EAB order. On February 19, 2001, Alcorn County Circuit Judge Thomas J. Gardner, III found that the order of the Employee Appeals Board was not supported by any substantial evidence and was in fact arbitrary and capricious. Specifically, Judge Gardner found that Stacy met his burden of proving that the reasons for his dismissal were not true and [Judge Gardner] was satisfied that the conduct did not occur.

## DISCUSSION

### I.

**WHETHER THE CIRCUIT COURT ERRED IN FINDING THAT THE ACTION OF THE EMPLOYEE APPEALS BOARD WAS NOT SUPPORTED BY ANY SUBSTANTIAL EVIDENCE AND WAS IN FACT ARBITRARY AND CAPRICIOUS.**

¶6. The Bureau urges that the Hearing Officer's decision was based on substantial evidence including the hearing record, medical reports of injuries sustained and testimony of the witnesses. The Bureau submits

that the evidence in this case supports the Rosses' testimony. The Bureau argues that the Rosses' testimony was more credible than Stacy's testimony. The Bureau further argues that the Board's decision upholding the Hearing Officer's decision was not arbitrary because the decision was supported by reason and judgment such as an opportunity to observe the demeanor of the witnesses, opportunity to hear the testimony and a review of the facts.

¶7. Stacy submits that his dismissal was arbitrary because it was carried out by the Bureau solely because of the Rosses' animosity towards him. Stacy submits that the act of dismissing him was capricious because it was carried out with a disregard for disciplinary actions customarily imposed upon agents charged with similar offenses. Further, Stacy urges that although his conviction of simple assault in the Justice Court of Alcorn County permitted discipline by dismissal, less severe actions could have been taken against him.

¶8. In cases involving termination of an employee, the scope of review by the circuit court

> . . . shall be limited to a review of the record made before the employee appeals board or hearing officer to determine if the action of the employee appeals board is unlawful for the reason that it was:

> (a) Not supported by any substantial evidence;

> (b) Arbitrary or capricious; or

> (c) In violation of some statutory or constitutional right of the employee.

Miss. Code Ann. § 25-9-132 (1999).

¶9. In reviewing an administrative agency's findings, "the circuit court's and this Court's appellate authorities are limited by the arbitrary and capricious standard of review." *Mc- Derment v. Misssissippi Real Estate Comm'n*, 748 So.2d 114, 117 (Miss. 1999). The appellate court may not reweigh the facts nor may it substitute its judgment for that of the lower tribunal. *Mississippi Comm'n on Envtl. Quality v. Chickasaw County Bd. of Supervisors*, 621 So.2d 1211, 1216 (Miss. 1993). The lower tribunal is the trier of fact as well as the judge of the witnesses' credibility. *Nelson v. Mississippi State Bd. of Veterinary Med.*, 662 So.2d 1058, 1062-63 (Miss. 1995).

¶10. This Court has held that "a holding which is supported by substantial evidence cannot be arbitrary and capricious." *McDerment*, 748 So.2d at 119. Substantial evidence is defined as "evidence which is substantial, that is affording a substantial basis of fact from which the fact in issue can be reasonably inferred. *Delta CMI v. Speck,* 586 So.2d 768, 773 (Miss. 1991) (quoting *State Oil & Gas Bd. v. Mississippi Min. & Roy. Own. Ass'n*, 258 So.2d 767 (Miss. 1971)). Decisions which one could consider to be "fairly debatable" are not arbitrary or capricious. *City of Biloxi v. Hilbert*, 597 So.2d 1276, 1281 (Miss. 1992).

¶11. Criminal judgments carry a higher burden of proof than civil judgments. *Holly v. Misssissippi Dep't of Corrections*, 722 So.2d 632, 636 (Miss. 1998). The justice court had an opportunity to hear the witnesses under oath and found beyond a reasonable doubt that Stacy committed simple assault against Mr. Ross. Likewise, the witnesses testified before the EAB Hearing Officer. In sum, the Rosses' testimony was that Stacy assaulted and injured them to the extent that they required transportation to the emergency room. The EAB Hearing Officer acknowledged that there were conflicts in the testimony of the parties, but in his order dated July 17, 1998, Hearing Officer Mason recognized: "[T]hat while there are conflicts in the

testimony as to the events, there is no question that the incident between the parties did occur on the evening of October 18, 1997. . . ." After having heard and considered the testimony of the witnesses, the EAB Hearing Officer found that an altercation occurred between Stacy and the Rosses. The finding by the EAB Hearing Officer was further supported by the justice court conviction of Stacy on the simple assault charge.

¶12. Upon review, the EAB upheld the Hearing Officer's decision. The EAB's decision was based on the record, supported by substantial evidence and was not arbitrary or capricious. The simple assault conviction constituted a Group Three offense in violation of Bureau General Order 1-18-II 3-p. The EAB's decision to uphold Stacy's dismissal from his position as a narcotics officer was supported by substantial evidence, was not arbitrary or capricious and therefore, was made pursuant to the law.

## II.

### WHETHER THE CIRCUIT COURT ERRED IN FINDING THAT APPELLEE MET HIS BURDEN OF PROVING THE REASONS FOR HIS DISMISSAL WERE NOT TRUE AND FINDING THAT THE CONDUCT DID NOT OCCUR.

¶13. The Bureau submits that substantial evidence existed in the EAB hearing to establish that the Hearing Officer's decision, and the subsequent affirmance by the EAB, was based on substantial evidence and was not arbitrary and capricious. The Bureau argues that no new evidence was presented before the circuit court. The Bureau urges that the circuit court went beyond its standard of review by substituting its own judgment for that the of the EAB in order to reach a desired outcome. The Bureau submits that there is not any statutory or case law upon which to base the circuit court's finding that Stacy met his burden of proof.

¶14. Stacy submits that it is undisputed that an altercation occurred but the conflict exists in determining who provoked the altercation. Stacy argues that testimony offered at the hearing made clear that there were deep, hostile relations between the family members. Stacy urges that the Rosses had numerous discrepancies in their testimony which were confusing and suspect.

¶15. Miss. Code Ann. § 25-9-127 (1999) provides that

any employee who has by written notice of dismissal or any action adversely affecting his compensation or employment status shall, on hearing and on any appeal of any decision made in such action be required to furnish evidence that the reasons stated in the notice of dismissal are not true.

¶16. In the case at bar, Stacy had the burden to show by a preponderance of the evidence that the reasons for his dismissal were not true. Although conflicting testimony was presented to the Hearing Officer, the Hearing Officer determined that an altercation occurred between Stacy and the Rosses. After reviewing the record, the EAB upheld the Hearing Officer's decision that the Bureau proved by a preponderance of the evidence that Stacy committed simple assault.

¶17. The standard of review on a decision of the Employee Appeals Board by a circuit court is found in *Tillmon v. Miss. State Dep't of Health*, 749 So.2d 1017, 1020-21(Miss. 1999):

This court generally accords great deference to the agency's interpretation of its own rules and statutes which govern its operation. *Mississippi State Tax Comm'n v. Mask*, 667 So.2d 1313, 1314 (Miss. 1995). An appeal from an administrative agency is a limited one. *Mainstream Sav. &*

*Loan Ass'n v. Washington Fed. Sav. & Loan Ass'n*, 325 So.2d 902, 903 (Miss. 1976). In reviewing decisions of administrative agencies, this court will entertain the appeal only to determine: whether or not the order of the administrative agency (1) was unsupported by substantial evidence, (2) was arbitrary and capricious, (3) was beyond the power of administrative agency to make, or (4) violated some statutory or constitutional right of the complaining party. *Id. at 903; See also, Mississippi Comm'n on Envtl Quality v. Chickasaw County Bd. of Supervisors*, 621 So.2d 1211, 1215 (Miss. 1993).

Furthermore, when reviewing an appeals board decision, the circuit court is bound by the record from the appeals board. Miss. Code Ann**.** § 25-9-132 (1999). The circuit court may not substitute its own judgment for that of the appeals board. *Mississippi Comm'n on Envtl. Quality*, 621 So.2d at 1216. Moreover, the fact that this Court may have imposed a less severe sanction if it sat as trier of fact is immaterial. Again, the standard of review is limited to determine whether or not the order of the administrative agency (1) was unsupported by substantial evidence, (2) was arbitrary and capricious, (3) was beyond the power of administrative agency to make, or (4) violated some statutory or constitutional right of the complaining party. *Tillmon v. Miss. State Dep't of Health*, 749 So.2d at 1020-21**.**

¶18. The circuit court, in its review of the EAB's decision, held that Stacy met his burden of proof. By order dated March 19, 2001, the circuit court held that the EAB's decision to uphold Stacy's termination was not supported by any substantial evidence and was arbitrary and capricious. The circuit court's order, however, provides no basis in support of its decision to overturn the decision of the EAB. Thus, it appears that the circuit court substituted its judgment for that of the EAB in violation of statutory and case law.

### III.

**WHETHER THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI ERRED BY ORDERING THE MISSISSIPPI BUREAU OF NARCOTICS TO REINSTATE STACY AS A NARCOTICS AGENT WITH FULL BENEFITS AND BACK PAY WITHOUT ADDRESSING APPELLEE'S DUTY TO MITIGATE HIS DAMAGES**

¶19. The foregoing disposes of this issue in that Stacy's reinstatement is reversed and rendered. Therefore, we will refrain from analyzing this issue.

### <u>CONCLUSION</u>

¶20. For the reasons stated herein, the errors assigned by the Mississippi Bureau of Narcotics are reversible. We reverse the judgment of the circuit court, and we render judgment reinstating the judgment of the Mississippi Employee Appeals Board.

¶21**. REVERSED AND RENDERED.**

**PITTMAN, C.J., McRAE AND SMITH, P.JJ., WALLER, COBB, DIAZ AND CARLSON, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**

1. The Bureau of Narcotics classified this offense as a Group Three violation of Bureau General Order 1-18-II 3-p which prohibits acts of conduct occurring on or off the job which are plainly related to job performance and are of such nature that continued employment in the assigned position with the Bureau would constitute negligence in regard to the Bureau's duties to the public, other Bureau employees, or other

state employees.