LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. On March 4, 2009, Memphis Stone & Gravel Company (MS & G) applied to the Panola County Land Development Commission (the Commission) for a special exception to mine and process gravel on two adjacent properties (the Johnson/Willing-ham property) south of Eureka Road in Panola County, Mississippi. One parcel was owned by Lamar Johnson (Johnson) through S & L Farms, and the other was owned by Martin and Rita Willingham (the Willinghams). The Commission denied MS & G’s application. MS & G appealed to the Panola County Board of Supervisors (the Board). Two supervisors voted to deny the request for a special exception, and two voted to grant it, while one supervisor recused. Since there was no majority of votes to overrule the decision of the Commission, the Board affirmed the denial of MS & G’s application for a special exception.
¶ 2. On September 24, 2010, Johnson and the Willinghams applied for a special exception to mine and process sand and gravel on the Johnson/Willingham property, which was the same property south of Eureka Road in Panola County, Mississippi, that had been the subject of the MS & G application. On October 14, 2010, Jimmy Baker also applied for a special exception on a parcel of property adjacent to the Johnson/Willingham property. The Commission held a public hearing on both of the applications. The Commission voted to table the matter and requested the applicants submit additional information. Baker provided additional information. On January 27, 2011, the Commission met and approved both applications subject to certain conditions, including a limit of ten commercial truckloads of gravel that could *1268 be hauled daily from each landowner’s parcel of property.
¶ 3. Johnson, the Willinghams, and Baker appealed to the Board. The Board conducted a public hearing on February 14, 2011. Besides hearing from Baker and Rita Willingham, the Board heard from Leroy Percy, who spoke on behalf of a number of area residents (the Appellants). Percy opposed Johnson, the Willinghams, and Baker’s request that the Board remove the daily truckload limit. Also, Percy argued that the Johnson/Willingham application was the same as the MS & G application, which had been denied. The Board unanimously agreed to table the motion to allow time for the members to fully consider the evidence before the Board. On February 22, 2011, the Board voted four to one to amend the special exceptions granted by the Commission by removing the daily commercial truckload limit.
¶ 4. The Appellants appealed the Board’s decision to the Panola County Circuit Court, arguing that the Johnson/Will-ingham application was barred by res judi-cata and that the Board’s decision was not based on substantial evidence or was arbitrary and capricious. The Board asserted that the Appellants had failed to perfect a cross-appeal from the Commission, and therefore, the Board had only been requested to hear the issues of the truckload limits. The circuit court found that the Johnson/Willingham application was not barred by res judicata, because the Board’s MS & G decision had no bearing on the appeal. Additionally, the circuit court found that the Board’s decision was supported by substantial evidence, and was not arbitrary or capricious, or beyond the scope of the Board’s powers. This appeal followed.
STANDARD OF REVIEW
¶5. “The standard of review of an order of a Board of Supervisors is the same standard which applies in appeals from the decisions of administrative agencies.” A & F Props. LLC v. Madison Cnty. Bd. of Supervisors, 933 So.2d 296, 299-300 (¶ 6) (Miss.2006) (quotations omitted). The Board’s decision will only be overturned if the Board’s order “was unsupported by substantial evidence; was arbitrary or capricious; was beyond the [Board’s] scope or powers; or violated the constitutional or statutory rights of the aggrieved party.” Ladner v. Harrison Cnty. Bd. of Supervisors, 793 So.2d 637, 638 (¶ 6) (Miss.2001). However, questions of law will be reviewed de novo. A & F Props., 933 So.2d at 300 (¶ 6).
¶ 6. Zoning issues are legislative rather than judicial. Thomas v. Panola Cnty. Bd. of Supervisors, 45 So.3d 1173, 1180 (¶ 20) (Miss.2010). In reviewing zoning cases, “the circuit court acts as an appellate court ... and not as the trier of fact.” Perez v. Garden Isle Cmty. Ass’n., 882 So.2d 217, 219 (¶ 6) (Miss.2004).
DISCUSSION
¶ 7. The Appellants contend: (1) the Johnson/Willingham application is barred by res judicata; and (2) the Board’s decision was not based on substantial evidence or was arbitrary and capricious.
I. RES JUDICATA
¶ 8. The Appellants argue that the Johnson/Willingham application is barred because it is the same claim raised by MS & G in its application for a special exception. Baker’s property was not the subject of the MS & G application; therefore res judicata does not affect any decision on his application.
¶ 9. The circuit court found that the Board had never entered a final judgment *1269 regarding the MS & G application for a special exception, because two supervisors voted in favor of the motion and two supervisors voted against the motion. The Board neither granted nor denied the exception. Rather, it affirmed the decision of the Commission. The circuit court stated, “The prior decision has no bearing on the decision made by the Board in this appeal. Therefore, res judicata does not apply.”
¶ 10. In their bill of exception before the circuit court, the Appellants stated that Percy, who spoke on behalf of the Appellants, had argued before the Board that the Johnson/Willingham application was the same as the MS & G application. However, in the same bill of exception, the Appellants waived any contention that the Johnson/Willingham application should have been denied, noting:
His clients had not appealed the Commission’s decision, Mr. Percy explained, because they viewed it as a reasonable compromise of the opposing interests, but his clients were opposing the applicants’ request that the Board remove the daily truckload limit as a condition of their special exceptions to mine gravel.
(Emphasis added). According to the Appellants’ own assertion, the only issue before the Board was the removal of the daily truckload limit and not the Johnson/Willingham application for the special exception. The issue of res judicata was never before the Board. In turn, the issue could not be raised for the first time on appeal before the circuit court. Marcum v. Hancock Cnty. Sch. Disk, 741 So.2d 234, 288 (¶ 20) (Miss.1999) (“[Ejrrors raised for the first time on appeal will not be considered!.]”). This issue is procedurally barred.
II. DECISION OF THE BOARD
¶ 11. The Appellants argue that the Board’s removal of the daily haul limit was arbitrary and capricious because it was not based upon substantial evidence. An agency’s decision is not arbitrary or capricious if it “is supported by substantial evidence!.]” Miss. Bureau of Narcotics v. Stacy, 817 So.2d 523, 526 (II10) (Miss. 2002). The Mississippi Supreme Court has said that the term “arbitrary” means “fixed or done capriciously or at pleasure.” Miss. State Dep’t of Health v. Sw. Miss. Reg’l Med. Ctr., 580 So.2d' 1238, 1240 (Miss.1991). “An act is capricious when it is done without reason, in a whimsical manner, implying either a lack of understanding of or a disregard for the surrounding facts and settled controlling principles.” Id.
¶ 12. The Board first addressed the request to remove the daily haul limit at its February 14, 2011 meeting. At the meeting, the Board unanimously voted to table the decision “[a]fter hearing the presentations, reviewing the orders of [the Commission], [and] receiving and carefully analyzing the exhibits, letters, notes, documents and reports!.]” The Board noted that the matter would be tabled “until its members could carefully review the evidence, consider the factors required to be considered for a special exception to be granted, and then deliberately and intelligently discuss the merits of the appeal at a later date.” The Board addressed the matter again on February 22, 2011, and the motion to grant the special exception removing the daily haul limits carried by four votes to one.
¶ 13. As the Board stated, it reviewed the Commission’s orders before it. The Commission specifically stated that the exception:
[W]ill promote the public health, safety, welfare, morals, order, comfort, convenience, appearance, prosperity!,] or general welfare of the county and will not substantially increase traffic hazards or congestion, will not substantially in *1270 crease fire hazards, will not adversely affect the character of the neighborhood, will not adversely affect the general welfare of the county, will not overtax public' utilities or facilities, and is not in conflict with the goals of the Progress Panola General Development Plan.
Besides reviewing the Commission’s findings, the Board heard testimony from Baker and Rita Willingham. Baker argued that rules or regulations should not be placed on his property that were not in place on other gravel pits in Panola County. Rita Willingham noted that there were no daily haul limits for trucks hauling soybeans and rice in that part of the county, and, therefore, daily haul limits should not be placed on the trucks hauling gravel from her property. ' •
¶ 14. Additionally, the Board was not bound solely by the evidence before it. Board members can also consider “their own common knowledge and the familiarity with the ordinance area.” Faircloth v. Lyles, 592 So.2d 941, 943 (Miss.1991) (citations omitted). We find the Board’s decision was based on substantial evidence and was not arbitrary or capricious.
¶ 15. THE JUDGMENT OF THE PA-NOLA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT.