STATEMENT OF THE CASE
Following an audit by the Mississippi State Tax Commission (hereinafter the "Commission"), the appellees, Mike Mask (hereinafter "Mask") and Ricky Scott (hereinafter "Scott"), were assessed sales tax and production tax pursuant to Miss. Code Ann. § 27-65-15(1972)[1]. This statute is commonly referred to as a "tax on mining statute." Mask and Scott appealed to the Board of Review of the Commission protesting the amount of the assessment and denying that they were engaged in mining, and they received a reduction in the amount assessed. Upon affirmance by the full Commission, Mask and Scott appealed to the Chancery Court of Pontotoc County. The Honorable John J. Ross, Jr. held that the statute entitled "[m]ining or producing" (§ 27-65-15) was not applicable to Mask and Scott's business and reversed the Commission. In addition, he ordered the Commission to remit the amount of taxes paid plus interest to Mask and Scott. On January 20, 1995, the Commission filed its Notice of Appeal to this Court.
 STATEMENT OF THE FACTS
Mask and Scott attempt to distinguish their business from mining by stating that they are in the business of delivering dirt. Specifically, when a contractor calls, they go to the "pit" and dig dirt out with a front-end loader, then deliver it to the contractor.
Vicki Gann (hereinafter "Gann") of the Mississippi State Tax Commission conducted a routine sales audit of Scott's business beginning on December 1, 1989. Mask worked *Page 1314 
with Scott in the business of selling dirt. Upon a review of the 1990 sales invoices, Mask was included in the audit because his name appeared on the sale invoices (and the title for the front-end loader was transferred to him from Scott).
Gann applied Miss. Code Ann. § 27-65-15 to Mask and Scott's business because they owned a front-end loader, and they were "digging dirt out of the ground and loading it onto trucks." Mississippi's mining statute, § 27-65-15, states that:
 [u]pon every person engaging or continuing within this state in the business of mining, quarrying, drilling or otherwise producing, or causing to be produced for sale, profit, or commercial use, limestone, sand, gravel, dirt, coal, lignite or other mineral or natural resource products, except timber, oil, natural gas and salt, there is hereby levied and assessed and shall be collected taxes as follows: (a) Sales to consumers within this state shall be taxed under Section 27-65-17 or Section 27-65-19, as the case may be.
 (b) Sales defined as wholesale or exempt, used by the producers as a component material of a contract taxable under Section 27-65-21, as a raw material of a manufactured product, or delivered outside this state, shall be taxed at six percent (6%) of the gross proceeds of sales, exclusive of delivery charges, or value when converted to use, whichever is greater, but not to exceed Five Cents (5¢) per ton with respect to sand, gravel, dirt, clay or limestone.
 The commission shall prescribe equitable and uniform rules for ascertaining value. All privilege taxes levied upon persons engaged in the production of natural resource products by this chapter shall be a lien upon all such products so produced and such lien shall be entitled to preference over all judgments, executions, encumbrances or liens, whensoever created. All persons to or through whom the title to such products pass shall be jointly and severally liable for such tax until the same is paid in full. The tax imposed in this section shall be collected by the commissioner from the person in charge of the production operations, and the commissioner is hereby authorized to make such investigations and inspections of the production operations, from time to time, as he may deem necessary for the purpose of ascertaining the correct amount of tax due.
Miss. Code Ann. § 27-65-15 (1972) (emphasis added).
To determine the applicable sales tax due under § 27-65-15, Gann had to categorize each sale as either a retail sale under subsection (a) or a wholesale or exempt sale under subsection (b). Because accurate records were not kept by Mask or Scott, Gann found it necessary to assess the tax at the statutory cap in regard to the mining of dirt, five cents (5¢) per ton.
Both Mask and Scott felt aggrieved by the Commission's assessments and appealed to the Board of Review of the Commission. The Board of Review reduced the assessment by 32% and levied the tax provided for in § 27-65-15 on the remainder. Mask and Scott appealed the Board of Review's assessment to the full Commission. The Commission affirmed the Order of the Board of Review.
Subsequently, Mask and Scott appealed the decision of the Commission to the Chancery Court of Pontotoc County. The Chancellor held that § 27-65-15 applied only to the owners of the real property involved. Ergo, if the property owners were involved in the acts set out by the Commission, then the applicable sales tax should be applied solely to them. In his ruling, the Chancellor did not discuss nor suggest a basis for how he determined § 27-65-15 applied only to owners of real property.
The Court has generally accorded great deference to an administrative agency's construction of its own rules and regulations and the statutes under which it operates. MelodyManor Convalescent Ctr. v. Mississippi State Dept. of Health,546 So.2d 972, 973 (Miss. 1989); General Motors Corp. v.Mississippi State Tax Comm'n, 510 So.2d 498, 502 (Miss. 1987). When reviewing orders of a state agency, the trial court and this Court are limited by the arbitrary and capricious standard.Mississippi State Tax *Page 1315 Comm'n v. Dyer Inv. Co., Inc., 507 So.2d 1287, 1289 (Miss. 1987). An appeal of an agency decision should be to determine whether or not the order of the administrative agency "(1) was supported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond the power of the administrative agency to make, or (4) violated some statutory or constitutional right of the complaining party. This rule has been thoroughly settled in this state." Mississippi State Tax Comm'n v. VicksburgTerminal, Inc., 592 So.2d 959, 961 (Miss. 1991) (quotingMississippi State Tax Commission v. Mississippi-Alabama StateFair, 222 So.2d 664, 665 (Miss. 1969)).
We cannot say that the Tax Commission acted capriciously, unreasonably, or arbitrarily; nor has it abused its discretion or violated a vested constitutional right of a party. The Chancellor's ruling that Miss. Code Ann. § 27-65-15 applies only to owners of real property is not supported by Mississippi law. The language of the statute clearly states "[u]pon every person
engaging or continuing within this state in the business of mining . . . or otherwise producing, or causing to be produced . . . there is hereby levied and assessed and shall be collected taxes." Miss. Code Ann. § 27-65-15 (1972) (emphasis added). "Person" is defined in the sales tax laws as follows:
 "Person" means and includes any individual, firm, copartnership, joint venture, association, corporation, estate, trust or other group or combination acting as a unit, and includes the plural as well as the singular in number. "Person" shall also include any state, county, municipal or other agency or association engaging in a business taxable under this chapter.
Miss. Code Ann. § 27-65-3(c) (1972).
Upon review of this definition it is apparent that the Chancellor's finding which limits the application of Miss. Code Ann. § 27-65-15 (1972) is incorrect. "Person" means anyindividual who uses a front-end loader to sever dirt from the ground and haul it away for sale or exchange. Nowhere in the statute does it indicate an applicability to owners of propertyonly.
Furthermore, sales tax law explains the tax levied on mining/producing as follows:
 [t]here is hereby levied and assessed, and shall be collected, privilege taxes for the privilege of engaging or continuing in business or doing business
within this state to be determined by the application of rates against gross proceeds of sales or gross income or values, as the case may be, as provided in the following sections.
Miss. Code Ann. § 27-65-13 (1972) (emphasis added).
The wording of the statute does not limit the privilege tax to those who own the land where the business (mining) is being done and this Court cannot allow such an interpretation to stand. We find that Mask and Scott are engaged in the business of mining/producing (as determined by the Commission and as described by the statute) and that their activity was properly taxed pursuant to § 27-65-15. The Chancellor exceeded the scope of appellate review in his determination. Therefore, we reverse and render.
REVERSED AND RENDERED.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, BANKS, McRAE and SMITH, JJ., concur.
DAN M. LEE, P.J., concurs in result only.
JAMES L. ROBERTS, Jr., J., not participating.
[1] This is the statute as it appeared during the periods for which Mask and Scott seek a refund of sales tax. This statute was amended in 1992 to increase from 6% to 7% the tax on gross proceeds, but the amendment is not at issue in the instant matter.