# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1998-CA-01068-SCT

*STATE OF MISSISSIPPI*

*v.*

*LORANTH AND ASSOCIATES, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/13/1998 |
| TRIAL JUDGE: | HON. VICKI R. BARNES |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | BOBBY R. LONG |
| ATTORNEY FOR APPELLEE: | KENNETH B. RECTOR |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND RENDERED - 9/02/1999 |
| MOTION FOR REHEARING FILED: | 09/10/99; denied 11/04/99 |
| MANDATE ISSUED: | 11/12/99 |

**BEFORE PRATHER, C.J., MILLS AND COBB, JJ.**

**COBB, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. Appellee Loranth and Associates, Inc. ("Loranth") filed a claim for refund of overpayment of ad valorem taxes with the Mississippi Department of Finance and Administration ("DFA"). DFA responded that it was not the proper agency to make such refund and incorporated an Attorney General's opinion letter which stated that the county tax collector is the proper party for a refund request. Loranth did not make such further request, but rather filed a petition for appeal and review in the Warren County Chancery Court, which subsequently entered judgment favorable to Loranth. The State of Mississippi appealed to this Court, and we reverse and render.

## STATEMENT OF FACTS

¶2. Loranth became owner of the real property on which the ad valorem taxes at issue were assessed, when it was sold by the Sheriff to satisfy a construction lien in favor of Loranth. It was purchased by Loranth at a public auction on October 16, 1996. Prior to the Sheriff's sale, the property had been sold at a tax sale for delinquent 1995 ad valorem taxes.

¶3. After the Sheriff's sale, the tax assessor determined that, due to a clerical error, the property purchased by Loranth was incorrectly assessed as improved property on the 1995 and 1996 tax rolls and was shown as having a value of $95,100 when its true value was only $21,600.

¶4. On May 14, 1997, the tax assessor, pursuant to Miss. Code Ann. § 27-35-143 (1995), submitted a Petition for Reduction of Assessment to the Warren County Board of Supervisors, indicating that the 1996 tax rolls should be amended to reduce the value of the property to reflect that it was unimproved property. No petition was submitted regarding the 1995 tax rolls. On May 19, 1997, the Board of Supervisors approved the reduction. On May 21, 1997, Loranth paid the 1995 taxes and fees totaling $16,639.83 and also paid the reduced 1996 taxes in the sum of $2,914.92.

¶5. Loranth next filed a claim with DFA, requesting a refund of the overpayment of 1995 taxes. DFA requested an Attorney General's opinion regarding such refund, to which the Attorney General's office responded that the statute cited by Loranth, Miss. Code Ann. § 27-73-1 (1990), only applied to taxes paid to the Auditor of Public Accounts, the State Tax Commission, or the Commissioner of Insurance and not to taxes paid to the County Tax Collector.

¶6. On June 30, 1997, DFA denied Loranth's request for a refund, citing the Attorney General's opinion. Subsequently, Loranth appealed this decision to the Chancery Court of Warren County, which reversed the DFA decision and granted Loranth a tax refund for the overpayment of 1995 ad valorem taxes, finding that Loranth should be allowed to recover because it did not own the land at the time the incorrect assessment was made, and its situation is not covered under Miss. Code Ann. § 27-35-143 (1995). Taking exception with the Chancellor's ruling, the State appealed to this Court.

## DISCUSSION OF THE ISSUES

¶7. The State specifically alleges the following as grounds for reversal:

**I. MISSISSIPPI CODE ANNOTATED § 27-73-1 DOES NOT APPLY TO LORANTH'S REQUEST FOR A REFUND OF AD VALOREM TAXES PAID TO THE COUNTY TAX COLLECTOR.**

## II. LORANTH FAILED TO FOLLOW THE PROPER PROCEDURE TO OBTAIN A REFUND.

## III. LORANTH WAS NOT AN INNOCENT PURCHASER FOR VALUE.

### Standard of Review

¶8. This Court generally accords great deference to an administrative agency's construction of its own rules and regulations and the statutes which govern its operation. *Mississippi State Tax Comm'n v. Mask*, 667 So. 2d 1313, 1314 (Miss. 1995).

¶9. In reviewing the decisions of administrative agencies, the lower court must uphold the agency's decision unless it finds as follows:

> The reviewing court will entertain the appeal to determine whether or not the order of the administrative agency 1) was unsupported by substantial evidence, 2) was arbitrary or capricious, 3) was beyond the power of the administrative agency to make, or 4) violated some statutory or constitutional right of the complaining party.

*Mississippi Comm'n on Envtl. Quality v. Chickasaw County Bd. of Supervisors*, 621 So. 2d 1211, 1215 (Miss. 1993). In *Chickasaw County*, we found that a rebuttable presumption exists in favor of agency decisions, and an appellate court may not substitute its judgment for that of an agency. *Chickasaw County*, 621 So. 2d at 1216.

¶10. This Court continues to follow the rule that the scope of appellate review is limited to the administrative record and the findings of the agency. *[Board of Law Enforcement Officers Standards & Training v. Butler, 672 So. 2d 1196, 1199 (Miss. 1996)](#)*.

### I. MISSISSIPPI CODE ANNOTATED § 27-73-1 DOES NOT APPLY TO LORANTH'S REQUEST FOR A REFUND OF AD VALOREM TAXES PAID TO THE COUNTY TAX COLLECTOR.

¶11. The State first argues that Loranth improperly sought a tax refund under Miss. Code Ann. § 27-73-1, which applies only to those taxes paid to the Auditor of Public Accounts, the State Tax Commission, or the Commissioner of Insurance, and not to taxes paid directly to the county tax collector. Specifically, Miss. Code Ann. § 27-73-1 (1990) states in pertinent part that

> (1) If any person, firm or corporation has paid or shall thereafter pay to the

Auditor of Public Accounts, State Tax Commission or the Commissioner of Insurance, through error or otherwise, whether paid under protest or not, any ad valorem, privilege or excise tax for which such person, firm or corporation was not liable, or if any such taxpayer has paid any tax in excess of the sum properly due and such erroneous payment or overpayment has been paid into the proper treasury, the taxpayer shall be entitled to a refund of the taxes so erroneously paid . . . .

* * * * * * * *

(2) This section shall not be construed as repealing or modifying Section 27-73-7, or any other law providing for the application for or the certification of a claim for refund, but shall be taken and construed as an additional and supplemental method of refunding taxes erroneously paid.

¶12. The State points out that the Legislature specifically addressed refunds for taxes erroneously paid to a county tax collector, in a different statute. Miss. Code Ann. § 27-73-7 (1990) as follows:

The tax collector is authorized and empowered to refund any individual, firm or corporation any ad valorem, privilege or excise tax which has been paid or collected through error or otherwise when such person, individual, firm or corporation has paid any such tax in excess of the sum properly due whether paid under protest or not . . . .

¶13. Loranth disputes the State's interpretation that Section 27-73-1 only provides a refund mechanism for taxes paid to the Auditor of Public Accounts, the State Tax Commission or the Commissioner of Insurance, and argued that subsection (1) makes provision for taxes paid to the county tax collector as well, citing:

. . . [O]r if any such taxpayer has paid any tax in excess of the sum properly due and such erroneous payment or overpayment has been paid into the proper treasury, the taxpayer shall be entitled to a refund of the taxes so erroneously paid. . . .

Miss. Code Ann. § 27-73-1(1) (1990).

¶14. We disagree. The Legislative intent to distinguish between the agencies mentioned in § 27-73-1 and the tax collectors mentioned in § 27-73-7 is quite clear. Prior to 1985, § 27-73-1 read in part

(1) If any person, firm or corporation has paid, or shall hereafter pay to the Auditor of Public Accounts, State Tax Commission, the Commissioner of

Insurance, **or to any tax collector** . . . .

Miss. Code Ann. § 27-73-1 (1972) (emphasis added). When the statute was amended in 1985, the Legislature specifically removed "any tax collector" from this section and provided that refunds for taxes paid to the county tax collector be made pursuant to § 27-73-7. Additionally, in § 27-73-1(2) *supra*, the Legislature took steps to ensure that § 27-73-7 would remain fully intact and not be supplanted or modified by § 27-73-1.

¶15. The record indicates that Loranth made its tax refund request to DFA after being "advised by officials of Warren County that Section 27-73-1 afforded the only recourse for refund of 1995 taxes paid by Petitioner based on the erroneous assessment." However, Loranth relied on this "advice" to its detriment.

¶16. This Court finds that the State's argument is correct. Loranth's refund claim, and ultimately the Chancellor's affirmation of such, were erroneously based upon a statute which does not provide the relief requested.

## II. LORANTH FAILED TO FOLLOW THE PROPER PROCEDURE TO OBTAIN A REFUND.

## III. LORANTH WAS NOT AN INNOCENT PURCHASER FOR VALUE.

¶17. We find that these claims should not be considered by this Court because they are outside the scope of its appellate review.

¶18. The only reason advanced by the State when it denied Loranth's request for a tax refund was the inapplicability of § 27-73-1. Therefore, the other claims advanced by the parties and considered by the Chancellor below were not properly a part of the administrative record. As stated above, this Court follows the principle that the scope of appellate review is limited to the administrative record and the findings of the agency. *Butler*, 672 So. 2d at 1199. Thus, the Chancellor below considered issues which were not germane to the State's denial of Loranth's request for a tax refund. This Court should not perpetuate the errors committed below by now considering these issues.

## CONCLUSION

¶19. We find that the court below exceeded the applicable standard of review when it reversed the DFA denial of Loranth's request for a refund of 1995 ad valorem taxes. Further, the court below considered issues which were not a part of the administrative record. As a result, the judgment of the Warren County Chancery Court is reversed, and the Department of Finance and Administration's denial of the requested tax refund is reinstated.

¶20. **REVERSED AND RENDERED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, SMITH, MILLS AND WALLER, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.**