THOMAS, J., for the Court:
¶ 1. The Mississippi State Department of Health, Division of Professional Licensure, appeals the Circuit Court of Leflore County’s decision to reinstate Levern Zachary’s regular social work license under the “grandfather” provision of Miss.Code Ann. § 73-53-7 (Rev.1995) without having to sit for and pass the basic examination of the American Association of Social Work Board (AASSWB). The Circuit Court of Leflore County overturned the Board’s decision to revoke Zachary’s regular social work license after the Board concluded that Zachary did not have the requisite five years experience under the “grandfather” provision of Miss.Code Ann. § 73-53-7, despite not having first found that Zachary had “intentionally and wilfully” falsified her application. From the Circuit Court of Leflore County’s ruling, the Board assigns the following issues for review
I. THE DEPARTMENT’S ORDER DIRECTING THAT ZACHARY FIRST PASS THE SOCIAL WORK EXAMINATION BEFORE BEING GRANTED A REGULAR SOCIAL WORK LICENSE WAS IN CONFORMITY WITH THE DICTATES OF THE LEGISLATURE AND WAS WITHIN THE SOUND DISCRETION OF THE AGENCY TO MAKE.
II. THE CIRCUIT COURT’S ORDER THAT ZACHARY BE GRANTED A REGULAR SOCIAL WORK LICENSE WITHOUT HAVING .FIRST TAKEN AND PASSED THE SOCIAL WORK EXAMINATION EXCEEDED THE LAWFUL SCOPE OF REVIEW OF AGENCY DECISIONS, VIOLATED THE SOCIAL WORK LICEN-SURE ACT AND INVADED THE ' PROVINCE OF BOTH THE LEGIS- ' LATURE AND OF THE MISSISSIPPI STATE DEPARTMENT OF HEALTH.
¶ 2. We affirm the circuit court.
FACTS
¶ 3. Levern Zachary applied for- a regular social work license under the Social Work Licensing Act with the Mississippi State Department of Health, Division of Professional Licensure,[1] in July, 1993. Specifically, Zachary applied under the “grandfather” provision of the act, Miss. Code Ann. § 73-53-7, where applicants who had worked as unlicensed social workers for five years or more could receive credit for their experience and obtain a regular social work license without having to sit for and pass the basic examination of the AASSWB. Additionally, the applicant would have to submit the requisite verification of employment forms for the Board’s approval. Zachary’s application was made under the “Regular Grandfather LSW License” or “over five years” provision and was subject to the following requirements:
A. Apply on or before August 31, 1993.
B. Must have five (5) years experience in the practice of social work while employed in an exempt position:
*520 Application (form no. 924) — answer all questions, attach required items, and sign before a notary public.
Fee — $50.00. Application fee is nonrefundable.
Verification of Employment and Social Work Practice (form no. 923) — to be verified and submitted by employer.
1. Employed in an exempt position at the time of application and engaged in the practice of social work,
2. Five (5) years experience in the practice of social work while employed in an exempt position.
¶ 4. This meant that before an applicant under the “grandfather” provision could obtain a license without having to sit for and pass any examination, they must first show: 1) that they had the five years required, 2) that their experience could pass as “social work,” and 3) that the social work experience had been gained while employed with a governmental rather than a private entity.
¶ 5. After Zachary submitted her application and verification of employment documentation, a regular social work license under the “grandfather” provision was issued to her on July 13, 1993. Zachary’s license was issued, as contended by the Board, based on the information, albeit false, concerning the number of years she had been engaged in “social work” with Leflore County Schools. The Board maintained that the only verification of employment form they received was from Leflore County School and that the form stated that Zachary’s length of employment ran from May of 1986 through the present or July of 1993. On the form’s face, Zachary possessed the requisite five years experience under the “grandfather” provision.
¶ 6. In August of 1996, the Board, after receiving a “complaint” that Zachary had-falsified her verification of employment form concerning Leflore County Schools and that she did not possess the requisite five years experience, brought formal charges against her. The Board’s investigation revealed that Zachary’s length of employment with Leflore was, in fact, incorrect and that Zachary’s employment with Leflore actually began on August 21, 1992 rather than the incorrect date in May of 1986. The charges alleged that Zachary “intentionally and wilfully falsified” her application in order to receive a regular social work license and circumvent the alternative route of being issued a provisional license and having to sit for and pass the social work exam.
¶ 7. In her defense, Zachary argued that she did not “intentionally and wilfully” falsify her application and that the incorrect dates relating to her employment with Le-flore were merely accidental mistakes or typographical errors made by the personnel office at Leflore. Zachary maintained that she simply dropped the uncompleted form off at Leflore’s personnel office and left the form for them to complete and mail.
¶ 8. Zachary also maintained that additional verification of employment forms were left with two additional employers in 1993 to complete and mail to the Board, but were apparently never mailed by the employers. The additional employers were Mississippi Valley State University and Heritage Manor Nursing Home. During the Board’s investigation, Zachary made the additional employers known to the investigator and requested additional verification of employment forms. They were provided to her. It was Zachary’s contention that she still has the requisite five years experience, as supported by the two additional employers, despite the incorrect information contained in the verification of employment form received from Leflore. In July of 1996, the Board received the two additional verification of employment forms. The Mississippi Valley form had been completed on July 22, 1996 and stated that Zachary’s employment began in August of 1985 and terminated in May of 1990. Her title was listed as a “Mentor (Social Worker)” and that she “provided leadership, guidance and *521 training to the students within the department.” The second form was from Heritage Manor and had been completed on July 29, 1996. It stated that her employment began on April 8, 1991 and ended on August 14, 1992. Heritage Manor listed her title as “Patient Activity Coordinator” and provided a detailed job description.
¶ 9. In addressing the charges filed against her, the hearing officer framed the issue as a two part question: 1) whether or not Zachary had falsified her application under the “grandfather” provision to circumvent the necessity of sitting for and passing a sanctioned social work exam, and 2) since Zachary had not sat for and passed a sanctioned social work exam, and admittedly had less than five years experience, should she therefore be required to sit for and pass said exam? The hearing officer concluded that, having carefully reviewed the evidence and testimony, he could not say that Zachary falsified her social work licensure application under the Board’s clear and convincing evidentiary standard. He further concluded that Zachary did not have the requisite five years experience under the “grandfather” provision and therefore could not maintain a regular social work license. She was, therefore, granted a provisional license and given a period of eighteen months and three attempts within to sit for and pass the AASSWB basic social work examination.
¶ 10. The Circuit Court of Leflore County reversed the hearing officer and reinstated Zachary’s regular license after the circuit court concluded that the hearing officer’s decision was unsupported by the substantial evidence and was arbitrary and capricious. The circuit court held that the hearing officer’s finding that the Board had failed in its burden of proof in establishing that Zachary had “intentionally and wilfully” falsified her application was correct, but that the hearing officer then “abused his discretion and engaged into arbitrariness and capriciousness by framing and deciding an issue based upon false or mistaken information.” Having reversed the hearing officer’s decision, the circuit court ordered that Zachary be issued a regular social work license by the Board. The Board appeals to this.Court arguing that the circuit court’s decision was in error. We disagree.
STANDARD OF REVIEW
¶ 11. Under our well familiar standard of review, this Court “has generally accorded great deference to an administrative agency’s construction of its own rules and regulations and the statutes under which it operates.” Molden v. Mississippi State Dep’t of Health, 730 So.2d 29 (¶ 8) (Miss.1998) (citing Mississippi State Tax Comm’n v. Mask, 667 So.2d 1313, 1314 (Miss.1995)). See, e.g., Melody Manor Convalescent Ctr. v. Mississippi State Dep’t of Health, 546 So.2d 972, 974 (Miss.1989); General Motors Corp. v. Mississippi State Tax Comm’n, 510 So.2d 498, 502 (Miss.1987). We are - further reminded that review by this Court, just as is the case with the lower court, is limited by the arbitrary and capricious standard. Riddle v. State Bd. of Pharmacy, 592 So.2d 37, 41 (Miss.1991). As a reviewing Court, we will entertain appeals originating from an order of an administrative agency to determine whether or not the order of the administrative agency: 1) was supported by substantial evidence, 2) was arbitrary or capricious, 3) was beyond the power of the administrative agency to make, or 4) violated some statutory or constitutional right of the complaining party. Mississippi Comm’n on Env’t Quality v. Chickasaw County Bd. of Sup., 621 So.2d 1211, 1215 (Miss.1993); Mississippi State Tax Comm’n v. Vicksburg Terminal, Inc., 592 So.2d 959, 961 (Miss.1991).
ANALYSIS
¶ 12. The issue before the hearing officer was whether Zachary had falsified an application to be a social worker with more than five years experience, qualifying her to practice without the necessity of passing *522 the AASSWB sanctioned examination. This was found not to have been the case and has been resolved without being raised on appeal. The hearing officer then addressed the question of whether Zachary, being cleared of any wrong doing with respect to the application process, should have been allowed to retain a regular social work license in light of all of the verification of employment forms produced at the hearing. Herein lies the error during the administrative decision, and our basis for affirming the circuit court.
¶ 13. The Board’s sole basis for granting Zachary a regular social work license in July 1993 was the information contained in the verification of employment form received from Leflore which stated that Zachary’s employment spanned some seven years beginning in May 1986. The evidence supports the conclusion that no other verification of employment documentation was received and evaluated by the Board when granting Zachary a regular license under the “grandfather” provision. The true and accurate date of Zachary’s employment with Leflore began on August 21, 1992. Therefore, Zachary only had approximately one year of experience with Leflore and should not have been granted a regular social work license based on that information alone. However, testimony at the hearing revealed that Zachary, as she contends, provided additional verification of employment forms with two other employers for them to complete and forward to the Board for review in 1993. For whatever reason, those additional verification of employment forms never made their way to the Board and therefore did not enter into their consideration when granting Zachary her license. This having been said, an undisputed conclusion can be reached: that the Board issued Zachary a regular social work license under the five years experience requirement of the “grandfather” provision when in fact she may not have had five years experience.
¶ 14. The originating disputed issue in this matter is whether Zachary had “intentionally and wilfully” falsified said application to circumvent the necessity of having to sit for and pass the basic exam. This was found not to have been the case and has been resolved without being raised on appeal. The resolution of the question, that Zachary did not intentionally or willfully falsify her application, lead to the second issue which has become the core dispute now before us. That question was whether Zachary should have been allowed to retain a regular social work license in light of all of the verification of employment forms produced at the hearing, which we note on their face would appear to meet the five years experience requirement of the “grandfather” provision. Whether the work Zachary was doing would qualify as social work under the statute and further whether the employers would qualify as approved entities remains to be decided.
¶ 15. The Board called Kae Covington, the representative of the Department of Health. Covington testified that Zachary was issued a regular social work license based on the verification of employment form from Leflore. Covington, when asked whether the additional employment experience and histories with Mississippi Valley and Heritage Manor would qualify under the requirements of the “grandfather” provision, gave the following testimony:
Q. Okay. Now, let me ask you this: Having the three— or two additional Verifications of Employment of Ms. Zachary’s social work experience in ’96, would she have qualified for the regular license?
A. Well, we don’t— I don’t know. It would have to be evaluated. It would have to go to the practice committee to make sure she was in the practice of social work. If we didn’t have enough information from her, we would have to send back and request more on additional information like that.
Q. Does the face of the document reveal the appropriate number of *523 years of experience within the required time frame?
A. Yeah, but there are other criteria under the law.
¶ 16. Covington was specifically pressed on the issue of whether Zachary had the requisite five years experience, taking into account all of the evidence produced at the hearing, and whether the work at Heritage Manor would qualify as social work under the “grandfather” provision. She testified that the work at Heritage Manor would not qualify under the provision: “Because it’s not a state agency, county government, city government, Head Start or Community Action Agency, as is stated in the grandfather provision. The 1993 grandfather provision of the law.” Covington was also questioned on the issue of whether the verification of employment forms from Mississippi Valley reflected whether Zachary had the requisite time and whether the work asserted to have been completed with Mississippi Valley would qualify as social work with a governmental agency. In response, Covington 'stated that the verification of employment form listed Zachary’s position and duties with Mississippi Valley as a “mentor, and in parenthesis social worker,” and that she “provided leadership, guidance and training to the students within the department.” Covington acknowledged that she could not make any decision as to whether the work at Mississippi Valley would qualify as social work and that the matter would need further investigation by the practice committee.
¶ 17. The hearing officer, in his findings and recommendation, concluded that none of the additional verification of employment forms were submitted through the usual social work advisory committee channels in 1993, and not being a social worker himself, he was reluctant to recommend that they be accepted and Zachary be licensed without benefit of testing. This is where the hearing officer’s findings and recommendations should have ended. Zachary brought forth the requisite evidence to show that she had more than the required amount of years as practice as a social worker to be allowed a license under the “grandfather” provision. Zachary therefore met her burden of proof. It was upon the Board to rebut this information, and this is where the Board failed. Cov-ington could not say that Zachary’s work at Mississippi Valley did not qualify.
¶ 18. Given the testimony concerning the procedural framework involved in evaluating an applicant’s submission of verification of employment forms, the practice committee or the usual social work advisory committees, who evaluate applications, are the proper channel for a determination of whether Zachary’s prior employment would qualify as employment as social work under the “grandfather” provisions of the statute. Any determination by this Court, whether sua sponte or in addressing this issue raised on appeal, cannot be made since a determination was never made by the practice committee with respect to all of the verification of employment forms. To do otherwise would be to invade their province.
¶ 19. If the Board wishes to contest Zachary’s qualifications needed for the five years to be “grandfathered” in, the Board needs to formally proceed on that basis. Whether the work Zachary was doing would qualify as social work under the statute and further whether the employers would qualify as approved entities remains to be decided. The correct forum would be an administrative determination on the adequacy of Zachary’s employers and their respective forms as they pertain to the requirements set forth in the “grandfather” provision as it then existed in 1993. This issue was improperly decided by the hearing officer. We affirm the circuit court.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF LEFLORE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*524 KING, P.J., BRIDGES, IRVING, LEE, AND PAYNE, JJ., CONCUR. McMILLIN, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MOORE, J. SOUTHWICK, P.J., AND MYERS, J., NOT PARTICIPATING.

. This matter originated during the time when the Mississippi State Department of Health Division of Professional Licensure was responsible for licensing and regulating Social Workers. On July 1, 1997, the Mississippi Board of Examiners for Social Workers and Marriage and Family Therapists became responsible for licensing Social Workers. This Board pursuant lo Rule 25, Mississippi Rules of Civil Procedure, became automatically substituted as the party for the Mississippi State Department of Health Division of Professional Licensure.