ROBERTS, J.,
 

 for the Court.
 

 ¶ 1. The Mississippi Employee Appeals Board (EAB) determined that Pamela W. McDonald was entitled to receive the appointment as the Mississippi Department of Human Services (MDHS) County Director for Pontotoc County, Mississippi. The Circuit Court of Hinds County affirmed the decision of the EAB. MDHS then perfected an appeal, which was assigned to this Court. The MDHS raises three issues: (1) the EAB erred in denying a motion to dismiss the administrative appeal based on the controversy being outside the scope of matters subject to administrative review; (2) the EAB erred in denying a motion to dismiss the administrative appeal based upon McDonald’s failure to disclose the subject matter of witness testimony prior to the administrative appeal; and (3) the factual finding by the EAB that McDonald had been appointed as a county director by Governor Ronnie Musgrove was not supported by credible evidence. Finding no error, we affirm.
 

 STATEMENT OF THE FACTS
 

 ¶ 2. McDonald began working for the MDHS in 1989 as a MDHS case-manager in Union County. In April 2003, McDonald applied for the position of county director for Pontotoc County MDHS. On December 26, 2004, McDonald received a letter stating that her recommendation for the Pontotoc County position had been approved by Governor Musgrove. Further, in January 2004, McDonald received a letter, dated January 9, 2004, from Gloria Jackson, the MDHS personnel director, stating that she had been “promoted” to the county director position, and that she would receive a monthly salary in the amount of $2,703.52. The letter from Jackson went on to state that “[A]ll necessary paperwork has been processed to promote you with an effective date of January 1, 2004.” Pursuant to these letters, McDonald actually started work in her new position as county director in Pontotoc County.
 

 ¶ 3. On or about January 25, 2004, McDonald then received a letter, dated January 22, 2004, from Don Taylor, the Executive Director of MDHS. This letter rescinded McDonald’s promotion, stating “as written approval from the former Governor was not obtained prior to your appointment, this action is null and void.” McDonald then returned to her previous duties in Union County at a lower salary than that which she would have received as a county director.
 

 ¶ 4. McDonald appealed Taylor’s decision to the EAB. Following an administrative hearing, an EAB administrative law judge (ALJ) entered an order finding that McDonald was entitled to receive the appointment as the MDHS county director for Pontotoc County, Mississippi. The
 
 *380
 
 MDHS appealed the ALJ’s ruling to the EAB, and on October 8, 2004, the EAB affirmed the decision of the ALJ. The MDHS then appealed to the circuit court, and on November 26, 2007, the circuit court affirmed the decision of the EAB. The MDHS then perfected the present appeal.
 

 ANALYSIS
 

 STANDARD OF REVIEW
 

 ¶ 5. An appellate court will not disturb a decision of an administrative agency if substantial evidence supports that agency’s finding, and the scope of review is limited to the factual findings of the agency.
 
 Walters v. Miss. Dep’t of Economic and Cmty Dev.,
 
 768 So.2d 893, 895(¶ 8) (Miss.2000) (citing
 
 Holloway v. Prassell Enters., Inc.,
 
 348 So.2d 771, 773 (Miss.1977) and
 
 Miss. Employment Sec. Comm’n v. Pulphus,
 
 538 So.2d 770, 772 (Miss.1989)). However, an appellate court will “examine the record as a whole and where such record reveals that the order of the [agency] is based on a mere scintilla of evidence, and is against the overwhelming weight of the credible evidence the court will not hesitate to reverse.”
 
 Walters,
 
 768 So.2d at 895(¶ 8) (quoting
 
 Johnson v. Ferguson,
 
 435 So.2d 1191, 1194-95 (Miss.1983)).
 

 1. CLAIM WAS SUBJECT TO REVIEW
 

 ¶ 6. The MDHS contends that McDonald’s action was “non-grievable” because the claim involved the selection of an applicant to fill a vacant position, and matters going to the selection of personnel to fill positions are not subject to EAB review. According to the EAB rules non-grievable actions include: “the selection of an individual by the appointing authority, department head, or designee to fill a position through promotion, transfer, demotion, or appointment unless it is alleged that the selection is in violation of a written agency policy or a State Personnel Board rule on filling vacancies.” Miss. EmpLApp. Bd. Admin. R.App. B (July 2007). The ALJ, the EAB, and the circuit court all found McDonald’s claim was subject to administrative review because the issue McDonald raised was not whether she should have been selected to fill the position of county director; instead, the issue was whether she already had been selected to fill the position prior to Taylor’s letter informing her that her selection “was null and void.”
 

 ¶ 7. The MDHS asks this Court to overturn the EAB’s construction of its own administrative rules. However, the law is well settled as to the standard of review applied to an agency’s application of its own administrative rules. “Great deference has been afforded to an administrative agency’s construction of its own rules and regulations and the statutes under which they operate.”
 
 Miss. Dep’t. of Transp. v. Rutland,
 
 965 So.2d 696, 701-702(¶ 9) (Miss.Ct.App.2007) (citing
 
 Miss. State Tax Comm’n v. Mask,
 
 667 So.2d 1313, 1314-15 (Miss.1995)). This standard of review limits an appellate court to determining whether the agency’s construction of its own rules rises to a level of being an arbitrary determination.
 
 See, e.g., Mask,
 
 667 So.2d at 1315. In this case, the EAB construed its limitation of what actions were non-grievable to the actual selection of an individual to fill a position, not to an individual challenging whether they had been previously selected. This construction is not an arbitrary exercise of discretion. Therefore, the circuit court did not err in affirming the decision of the EAB, and this issue is without merit.
 

 2. FAILURE TO DISCLOSE THE SUBSTANCE OF WITNESS TESTIMONY
 

 ¶ 8. At the administrative hearing, the MDHS objected to McDonald calling
 
 *381
 
 witnesses because McDonald had failed to disclose the expected substance of the testimony of witnesses she intended to call to testify. The EAB rules provided:
 

 Rule 14(A)(5) of the Administrative Rules of the Employee Appeals Board states that “each party, no later than ten (10) calendar days prior to the hearing date, shall file with the Employee Appeals Board a list of witnesses such party will call to testify at the hearing. The list shall contain for each witness: (5) brief summary of testimony to be given.” Moreover, Rule 32(c) of the Administrative Rules of the Employee Appeals Board states that “the Employee Appeals Board shall have the authority, duty and responsibility to abide by and enforce these rules.”
 

 Miss. EmpLApp. Bd. Admin. R. 32 (July 2007).
 

 ¶ 9. The record shows that McDonald did timely disclose her list of witnesses. However, her attorney, who was making his first appearance in a EAB hearing, had not realized the necessity of the “brief summaries.” The testimony at issue was that of former Governor Mus-grove’s chief of staff, William Renick. The record shows that McDonald’s attorney spoke with counsel opposite more than a week before the hearing, and he disclosed the expected testimony at that time. Moreover, the proposed testimony had been previously disclosed to the MDHS in pleadings. It is well settled that administrative bodies have the discretionary authority to apply procedural and evidentiary rules in a flexible manner so as to most efficiently carry out their responsibilities.
 
 McGowan v. Miss. State Oil & Gas Bd.,
 
 604 So.2d 312, 318 (Miss.1992). Given that the MDHS could not have been prejudiced by McDonald’s technical failure to list brief summaries, the circuit court did not err in affirming the decision of the EAB. This issue is without merit.
 

 3. FINDING WAS SUPPORTED BY CREDIBLE EVIDENCE
 

 ¶ 10. The ultimate factual issue in this case is whether Governor Musgrove, in the last weeks of his administration, issued a letter in which he appointed McDonald to be the MDHS county director for Pontotoc County. The parties agree in their arguments that if this fact had occurred, McDonald was entitled to the position, and Taylor’s action in removing her from the position was beyond the scope of his power. Renick testified that he and Thelma Brittain, and perhaps other individuals, met with then Governor Musgrove to discuss four or five vacancies within the MDHS which Governor Musgrove could fill prior to the expiration of his term. Renick testified that Governor Musgrove selected McDonald from a pool of applicants to fill one of these vacancies. Renick further testified that he was sure that Governor Musgrove had signed a letter of appointment before leaving office because Renick had a checklist of duties needing to be completed, and signing the letters for the appointments was one of these duties. Furthermore, he stated that he knew the letters for other appointees who were discussed in this meeting were in fact signed.
 

 ¶ 11. Former Governor Musgrove submitted an affidavit stating that he had appointed McDonald to the county director position, and the paperwork was completed prior to his leaving office.
 

 ¶ 12. Jackson, the Personnel Director of the Department of Human Resources, testified that she prepared the necessary paperwork to submit McDonald’s appointment to the State Personnel Board, and that her office had received the letter on January 20, 2004, but her office could no longer locate the letter. In short, her
 
 *382
 
 testimony was Governor Musgrove’s letter was lost somewhere in her office.
 

 ¶ 18. The standard of review applicable to this case mandates that we affirm the decision of the EAB unless its decision was based on merely a scintilla of evidence and the weight of evidence so strongly tilts to a contrary result that we cannot find that the decision was based on substantial evidence. Wal
 
 ters,
 
 768 So.2d at 895(¶ 8). In this case, we find that substantial evidence supported the EAB’s decision, and the circuit court did not err in affirming the decision of the EAB.
 

 ¶ 14. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR.